IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSUS TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1231-SLR |
| | ) | |
| RADIANSE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER TO LIFT
STAY OF DISCOVERY REGARDING ITS AMENDED COUNTERCLAIM**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the defendant, Radianse,

Inc. ("Radianse") hereby moves to amend the Scheduling Order entered by this Court on

November 29, 2004.  In particular, Radianse moves that this Court lift the stay of Radianse's

counterclaim for tortious interference with economic relationships for purposes of discovery as

set forth in paragraph 2.(e)(7) of the Scheduling Order.  Even if the trial of the

Amended Counterclaim is bifurcated or phased, discovery should be permitted to proceed under

the present schedule to avoid prejudice to Radianse and to further judicial economy.[1]

I.    **BACKGROUND**

1.    This is an action for patent infringement.  On October 18, 2004, Radianse filed its

Counterclaim for tortious interference with economic relationships.

2.    On November 8, 2004, the plaintiff, Versus Technology, Inc. ("Versus"), moved

to dismiss Radianse's Counterclaim.

---

[1]    A copy of the Scheduling Order is attached for the Court's convenience as Exhibit A.

63582.1001

3.    On November 12, 2004, Radianse filed and served its Answer and Amended Counterclaim, a copy of which is attached hereto as Exhibit B.

4.    On November 17, 2004, Radianse filed Defendant's Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim, a copy of which is attached hereto as Exhibit C, asserting that the filing of its Amended Counterclaim had rendered moot Versus' pending motion to dismiss its original Counterclaim.

5.    Radianse's Amended Counterclaim states a claim for tortious interference with economic relationships against Versus.

6.    This Court's Scheduling Order dated November 29, 2004, contains a paragraph drafted by plaintiff, which states, "Defendant's counterclaim for tortious interference with economic relationships is stayed for purposes of discovery and trial until further order of the Court." Defendants have no recollection of this ruling being made at the Rule 16 teleconference.

7.    Versus has never answered or moved to dismiss Radianse's Amended Counterclaim.

## II.    ARGUMENT

### A.    Radianse's Amended Counterclaim States a Claim for Tortious Interference

Radianse's Amended Counterclaim states a claim for tortious interference with economic relationships against Versus. In particular, it alleges that Versus is a direct competitor of Radianse (Amended Counterclaim, ¶ 6), and that, at various times, Versus approached numerous entities that it knew to be customers of Radianse, including but not limited to PeriOptimum, Pinnacle Health Group and Cerner Corporation, and told them that Radianse infringed patents of Versus and that they should not buy from Radianse for that reason. (*Id.*, ¶ 7). The Amended Counterclaim further alleges that, at various times, Versus approached numerous entities that it

63582.1001

knew to be potential customers of Radianse, including but not limited to Four Rivers Software, and told them that Radianse infringed patents of Versus and that they should not buy from Radianse for that reason.  (*Id.*, ¶ 8).

The Amended Counterclaim alleges that Radianse had a reasonable probability of obtaining business from the actual and prospective customers that were approached by Versus, and that the statements made by Versus were false and objectively baseless, because (1) the Versus patents are not infringed by Radianse and, (2) on information and belief, Versus does not own some or all of the patents or possess standing to assert a claim of infringement against Radianse under them.  The Amended Counterclaim further alleges that the statements made by Versus were made in bad faith in that Versus knew that they were false or made them with disregard to their falsity.  Finally, the Amended Counterclaim alleges that the alleged activity of Versus has caused Radianse to suffer damage in the form of loss of sales and loss of customer goodwill (*Id.*, ¶ 12).

Under applicable law, these allegations properly state a claim against Versus for tortious interference with economic relationships.  *See, e.g., Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004).

**B.**    **The Interests of Justice and Judicial Economy Require that the Present Stay be Lifted**

The Court's present Scheduling Order prejudices Radianse, because it deprives Radianse of the opportunity to develop the facts pertaining to its Amended Counterclaim during the discovery phase of this action.  Under the current Scheduling Order, as amended by Order dated March 2, 2005, the parties are required to complete document production on or before April 29, 2005.  Staying discovery relating to the Amended Counterclaim until after the completion of

other discovery in this action is contrary to the interest of judicial economy and unfairly prevents Radianse from developing and presenting the facts pertaining to the misconduct of Versus.

Even if the trial of the Amended Counterclaim is bifurcated from the trial of Versus' infringement claim or phased to occur after it, considerations of economy and prejudice to Radianse weigh in favor of permitting discovery to occur now on Radianse's Amended Counterclaim. Postponing discovery on the claim of tortious interference asserted in the Amended Counterclaim until after trial of Versus' patent infringement claim would unduly prolong this litigation and prejudice Radianse.

While there is precedent in this District for staying discovery as to the counterclaims in patent actions, *Neomagic Corporation v. Trident Microsystems, Inc.*, 2001 U.S. Dis. LEXIS 14585 (D. Del. 2001) (Exhibit D hereto), the reasoning of that case argues against a stay in the present case. Unlike the situation in *Neomagic*, where the continuing viability of the antitrust claim was dependent on the outcome of the patent infringement claims, the continuing viability of the Amended Counterclaim is not wholly dependent on the outcome of the patent infringement claim of Versus. Radianse alleges that one reason the statements by Versus were "objectively baseless" is that Versus does not own some or all of the patents or possess standing to assert a claim of infringement against Radianse under them. (Amended Counterclaim, ¶ 10). Since Radianse alleges that Versus does not have enforceable rights to at least some of the patents in suit, the tortious statements alleged by Radianse may be objectively baseless even if those patents are infringed by Radianse. Consequently, the reasoning of Judge McKelvie initially supporting a stay of discovery relating to the defendant's antitrust counterclaim in *Neomagic* is inapplicable here, and the policy reasons supporting the court's decision to lift the original stay of discovery in that case pending appeal argue in favor of lifting the stay in the

-4-

present action.  In particular, as time goes by, the memories of witnesses will fade and valuable

evidence may be lost.  This court should weigh the possible damages, hardship and inequities to

the parties against the possibility that a stay will conserve resources and simplify the issues in

question.  In the present action, such a balancing tips decisively in favor of Radianse.

## III.    CONCLUSION

Wherefore, for the reasons stated above, Radianse respectfully requests that this Court

enter an Order in the form attached hereto, lifting the stay of discovery as to its Amended

Counterclaim for tortious interference with economic relationships, and permitting discovery to

proceed on that subject matter pursuant to the present schedule.

Respectfully submitted,

RADIANSE, INC.

By its attorneys,

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6672

Of Counsel:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

Dated:  March 21, 2005

WP3:1093386.1                                                          63582.1001

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll hereby certify that on March 21, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> George Pazuniak, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE  19801, Esquire

I further certify that on March 21, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>
> Josy W. Ingersoll  (No. 1088)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> jingersoll@ycst.com
>
> Attorneys for Radianse, Inc.

# EXHIBIT A



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VERSUS TECHNOLOGY, INC.,     )
                                  )
        **Plaintiff,**             )
                                  )
        v.                       )     Civil Action No.  04-1231 (SLR)
                                  )
RADIANSE, INC.                  )
                                  )
        **Defendant.**          )
                                  )

## SCHEDULING ORDER

This ᵈ⁹ᵗʰday of November 2004, the parties having satisfied their obligations under Fed.

R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to

Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

       IT IS ORDERED that:

       1.     **Pre-Discovery Disclosures.**  The parties have exchanged information pursuant to

Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

       2.     **Discovery.**

          (a)   Discovery will be needed on all claims, defenses and counterclaims allowed by

              the Court.

          (b)   All fact discovery shall be commenced in time to be completed by August 23,

              2005.

              (1) Document production shall be completed on or before March 18, 2005.

              (2) Maximum of 25 interrogatories, inclusive of all subparts, by each party to

                    any other party.

(3) Maximum of 35 requests for admission by each party to any other party.

(4) In the absence of agreement among the parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(5) Maximum of 10 fact depositions by each side. Each fact deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties. The limits on fact discovery agreed to by the parties above may be modified only by agreement of the parties or by leave of the Court.

(6) Defendant shall advise Plaintiff by May 27, 2005 whether it intends to rely on advice of counsel in defense to Plaintiff's charge of willful infringement. If Defendant intends to rely on the advice of counsel defense, it shall produce all documents within the scope of Defendant's wavier of privilege (as set forth by applicable case law) on or before May 27, 2005.

(7) Defendant's counterclaim for tortious interference with economic relationships is stayed for purposes of discovery and trial until further order of the Court.

(c) Expert discovery shall be commenced in time to be completed by October 28, 2005.

(1) Expert reports on issues for which the parties have the burden of proof are due August 26, 2005. Rebuttal expert reports are due September 30, 2005.

        (2) Each side shall be entitled to depose each of the other party's testifying

           experts. Each expert deposition is to be limited to 1 day, unless extended

           by agreement of the parties.

        (3) All *Daubert* motions shall be filed on or before the deadline set for

           dispositive motions, in conjunction with the briefing schedule in paragraph

           6 below.

  (d)   Supplementations under Rule 26(e) are due in accordance with the Federal Rules

      of Civil Procedure.

  (e)   **Discovery Disputes.**

        (1) The Court shall conduct in-person discovery status conferences on April 6,

           2005 at 4:30 p.m., and September 13, 2005 at 5:00 p.m., or at any other

           dates and times convenient to the Court. The time at these conferences

           shall be allocated equally among the parties.

        (2) The Court shall remain available to resolve by telephone conference

           disputes that arise during the course of a deposition and disputes over the

           terms of a protective order.

        (3) Absent express approval of the Court following a discovery conference,

           no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

  (f)   **Fact Witnesses to be Called at Trial.** Within one (1) month following the close

      of expert discovery, each party shall serve on the other parties a list of each fact

      witness (including any expert witness who is also expected to give fact

      testimony), who has previously been disclosed during discovery and that it

      intends to call at trial. Within one (1) month of receipt of such fact witness list,

each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such depositions shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

3.    **Joinder of Other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before February 11, 2005.

4.    **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purpose of exploring the possibility of a settlement.

5.    **Claim Construction Issue Identifications.**  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on June 17, 2005, the parties shall exchange a list of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the Court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted in conjunction with the briefing schedule in paragraph 7 below.

6.    **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief no later than November 23, 2005. Response briefs in opposition to motions for summary judgment shall be filed no later than December 9, 2005. Reply briefs in support of such motions for summary judgment shall be filed no later than December 16, 2005. No summary judgment motion may be filed more than ten (10) days from the above date without

leave of the Court. Oral arguments on summary judgment motions shall be heard on January 27, 2006 at 1 p.m.

      7.    **Claim Construction.** Opening briefs on issues of claim construction shall be simultaneously submitted by all parties to the Court, along with the Joint Claim Construction Statement, on November 4, 2005, to be considered by the Court in conjunction with the summary judgment motions. Response briefs on issues of claim construction shall be submitted to the Court no later than November 18, 2005.

      8.    **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.

      (a)   Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

      (b)   No telephone calls shall be made to chambers.

      (c)   Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

      9.    **Motions in Limine.** All motions in limine shall be filed on or before March 21, 2006. All responses to said motions shall be filed on or before March 28, 2006.

      10.    **Pretrial Conference.** A pretrial conference will be held on April 4, 2006 at 4:30 p.m., in Courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.     **Trial.** This matter is scheduled for a three week jury trial commencing on May

15, 2006 in Courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington,

Delaware.  For purposes of completing pretrial preparations, the parties should plan on being

allocated a total number of hours in which to present their respective cases.


The Honorable Sue L. Robinson
United States District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT   Fil,&S._ᴛ ᴄᴏᴜᴿᴵ
'^ꜱᴛᴿᴵᴄᴛ ᴏꜰ ᴅᴇʟᴡᴀᴿᴇ
FOR THE DISTRICT OF DELAWARE

2004 NOV 12  PM 3: 42

VERSUS TECHNOLOGY, INC.,            )
                                    )
                Plaintiff,          )
                                    )
        v.                          )          Civil Action No. **04-1231--SLR**
                                    )
RADIANSE, INC.                      )
                                    )
                Defendant.          )

## ANSWER AND AMENDED COUNTERCLAIM

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 15(a), defendant Radianse, Inc. hereby files

its Answer and Amended Counterclaim.

For answer to each numbered paragraph of the Complaint, the Defendant, Radianse, Inc.

("Radianse") states as follows:

1.      Radianse admits the allegations of paragraph 1.

2.      Radianse is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2.

3.      Radianse admits the allegations contained in paragraph 3.

4.      Radianse admits the allegations contained in paragraph 4.

5.      Radianse admits the allegations contained in paragraph 5, except that Radianse

denies that Versus is a "leading" developer and marketer of products as alleged therein.

6.      Radianse admits the allegations contained in paragraph 6.

7.      Radianse repeats and incorporates its responses to paragraphs 1 through 6.

8.      Radianse admits the allegations contained in paragraph 8.

9.      Radianse admits the allegations contained in paragraph 9.

10.    Radianse admits the allegations contained in paragraph 10.

11.    Radianse admits the allegations contained in paragraph 11.

12.    Radianse is without knowledge or information sufficient to fonn a belief as to the truth of the allegations contained in paragraph 12.

13.    Radianse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.    Radianse denies the allegations contained in paragraph 14.

15.    Radianse denies the allegations contained in paragraph 15.

16.    Radianse denies the allegations contained in paragraph 16.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim on which relief may be granted.

2.    U.S. Patent No. 5,027,314 is invalid and unenforceable.

3.    U.S. Patent No. 5,572,195 is invalid and unenforceable.

4.    U.S. resissue Patent No. 36,791 is invalid and unenforceable.

5.    U.S. Patent No. 6,154,139 is invalid and unenforceable.

6.    The Complaint is barred by the doctrine of laches.

7.    Radianse does not presently infringe, and has never infringed any of the patents alleged in the Complaint.

## AMENDED COUNTERCLAIM

1.    This is an action for tortious interference with economic relationships against Versus Technology, Inc. ("Versus").

2.    On information and belief, Versus is a corporation incorporated under the laws of Delaware, and has its principal place of business at 2600 Miller Creek Road, Traverse City, Michigan 49684.

3.     Radianse, Inc. ("Radianse") is a Delaware corporation with its principal place of business at 439 South Union Street, Suite 403, Lawrence, Massachusetts 01843.

4.     Versus makes, uses and sells indoor locating systems for use, inter alia, in the health care industry.

5.     Radianse makes, uses and sells indoor locating systems for use, inter alia, in the health care industry.

6.     Versus is a direct competitor of Radianse.

7.     Between February and June, 2004, Versus approached numerous entities that it knew to be customers of Radianse, including but not limited to PeriOptimum, Pinnacle Health Group, and Cerner Corporation, and told them that Radianse infringed patents of Versus and that they should not buy from Radianse for that reason.

8.     Between February and June, 2004, Versus approached numerous entities that it knew to be potential customers of Radianse, including but not limited to Four Rivers Software, and told them that Radianse infringed patents of Versus and that they should not buy from Radianse for that reason.

9.     Radianse had a reasonable probability of obtaining business from the actual and prospective customers that were approached by Versus as above alleged.

10.     The statements by Versus alleged above were false and objectively baseless, because the Versus patents are not infringed by Radianse and because, on information and belief, Versus does not own some or all of the patents or possess standing to assert a claim of infringement against Radianse under them.

11.     On information and belief, the statements by Versus alleged above were made in bad faith in that Versus knew that the statements were false or made them with disregard for their falsity.

12.    The foregoing activity of Versus has caused Radianse to suffer damage in the form of lost sales and loss of customer good will.

13.    The conduct of Radianse alleged above constitutes intentional interference by Versus with actual and prospective business relationships of Radianse.

WHEREFORE, Radianse requests that this Court:

a)    Preliminarily enjoin Versus from contacting actual and prospective customers of Radianse and suggesting or stating to them that Radianse's products or services infringe patents of Versus;

b)    Award Radianse damages for Versus' tortious misconduct;

c)    Award Radianse its costs and fees in bringing this Counterclaim; and

d)    Award such further relief as the Court deems just and appropriate.

RADIANSE, INC.

By its attorneys,

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
(302)571-6672

Of Counsel:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617)227-7400

Dated:  November 12, 2004

-4-

<u>CERTIFICATE OF SERVICE</u>

I, John W. Shaw, Esquire, hereby certify that I caused copies of the foregoing

document to be served on November 12, 2004 on the below listed counsel in the manner

indicated:

BY HAND

George Pazuniak, Esquire
Connolly Bove Lodge & Hutz LLP
Nemours Building
1007 Orange Street
Wilmington, DE 19801

John W. Shaw

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 NOV 17   PM 4: 30

| | | |
|---|---|---|
| VERSUS TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1231--SLR |
| | ) | |
| RADIANSE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Defendant, Radianse, Inc. ("Radianse") hereby informs the Court as follows:

1.    On October 18, 2004, Radianse filed its Answer and Counterclaim.

2.    On November 8, 2004, plaintiff Versus Technology, Inc. filed Versus's Motion to Dismiss Radianse's Counterclaim.

3.    On November 12, 2004, Radianse filed its Answer and Amended Counterclaim.

4.    Radianse filed its Amended Counterclaim as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure because no pleading to Radianse's counterclaim had yet been filed.  Radianse's Amended Counterclaim replaces and supersedes its prior Counterclaim that is the subject of plaintiff's motion to dismiss.  3 Moore's Federal Practice, § 15.17[3] (Matthew Bender 3d ed.).

5.    The filing of Radianse's Amended Counterclaim therefore renders moot plaintiff's pending motion to dismiss Radianse's Counterclaim and the motion should accordingly be denied as moot.

RADIANSE, INC.

By its attorneys,

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899-0391
(302) 571-6600

Of Counsel:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

Dated:  November 17, 2004

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that I caused copies of the foregoing

document to be served on November 17, 2004 on the below listed counsel in the manner

indicated:

### BY HAND DELIVERY

George Pazuniak, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801

_____
John W. Shaw (#3362)

# EXHIBIT  D

Source: Legal > Cases - LJ.S, > All Courts - By State > DE Federal & State Cases, Combined fj]
Terms: lift w/10 stay w/10 discovery  (Edit Search)
Focus:  lift w/20 stay w/20 discovery  (Exit.FOCUS.™)

•f Select for FOCUS™ or Delivery
◉

*2001 U.S. Dist. LEXIS 14585, \**

NEOMAGIC CORPORATION, Plaintiff, v. TRIDENT MICROSYSTEMS, INC., Defendant.

Civil Action No. 98-699-RRM

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2001 U.S. Dist. LEXIS 14585

September 7, 2001, Decided

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff corporation sued defendant corporation, alleging patent infringement. Defendant alleged an antitrust counterclaim, and moved to **lift** a **stay of discovery** relating to the counterclaim.

**OVERVIEW:** The court found that further stay of **discovery** relating to the antitrust counterclaim pending appeal of the court's non-infringement ruling would unduly prejudice defendant's ability to take discovery and to develop facts that might support the substantive elements of the counterclaim. Staying the antitrust claim might have conserved resources that would have been wasted, had the underlying antitrust claim been mooted by resolution of the patent claims in favor of plaintiff. However, the reasons supporting the original grant of stay were no longer applicable.

**OUTCOME:** The court granted the motion.

**CORE TERMS:** discovery, counterclaim, antitrust claim, antitrust, patent, patent infringement, non-infringement, patent case, summary judgment, teleconference, infringement, interfering, principal place of business, objectively, conserve, baseless, lawsuit, mooted, lifted, waste, lift

### LexisNexis(R) Headnotes • Hide Headnotes

Civil Procedure > Entry of Judgments > Stayof, Proceedings & Supersedeas  ᷉J
*HN1* ⚖In determining whether to grant a stay, a district court weighs the possible damage, hardship, and inequities to the parties to the lawsuit against the possibility that a stay will conserve resources and simplify the issues in question and the trial of the case.  More Like This Headnote

**COUNSEL:**  [\*1]  For plaintiff: Philip A. Rovner, Esquire, Potter Anderson & Corroon LLP, Wilmington, Delaware.

For plaintiff: R. V. Lupo, Esquire, Brian E. Ferguson, Esquire, Stephen A. Maddox, Esquire, Stephen K. Shahida, Esquire, McDermott, Will & Emery, Washington, D.C.

For defendant: Mary B. Graham, Esquire, Rodger D. Smith, Esquire, Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware.

For defendant: James Pooley, Esquire, Ian IS. Feinberg, Esquire, Barry N. Young, Esquire, Elizabeth Day, Esquire, Gray Cary Ware & Freidenreich LLP, Palo Alto, California.

## OPINION: MEMORANDUM OPINION

Wilmington, Delaware
September 7, 2001

McKELVIE, District Judge

This is a patent case. Plaintiff NeoMagic Corporation is a Delaware corporation with its principal place of business in Santa Clara, California. Defendant Trident Microsystems, Inc. is a Delaware corporation with its principal place of business in Mountain View, California.

On December 14, 1998, NeoMagic filed its complaint alleging that Trident is infringing two of its patents directed to a graphics controller used in notebook computers, U.S. Patent Nos. 5,^50,^55 and 5,703,806. On January 25, 1999, Trident answered NeoMagic's [*2] complaint by denying liability and raising certain affirmative defenses and filed a counterclaim against NeoMagic for attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. In its counterclaim Trident alleged that NeoMagic's complaint was a sham and that NeoMagic's allegations of patent infringement were made in bad-faith for the express anti-competitive purpose of interfering with Trident's business and customer relationships.

During a November 11, 1999 teleconference, the court granted NeoMagic's request to stay all discovery relating to Trident's antitrust counterclaim until the patent issues were resolved. On February 1, 2001, the court granted Trident's motion for summary judgment of non-infringement and denied NeoMagic's renewed motion for infringement. On August 27, 2001, in response to NeoMagic's request, the court entered a final order under Fed. R. Civ. P. 54(b) to enable NeoMagic to appeal the decision to the United States Court of Appeals for the Federal Circuit. On August 29, 2001, NeoMagic filed its notice of appeal from the court's February 1, 2001 order.

On April 5, 2001, Trident moved to **lift the stay on discovery [*3]** relating to its antitrust counterclaim. This is the court's decision on Trident's motion.

I. DISCUSSION

A. The Court's Rationale for Granting the Original **Stay**

On November 1, 1999, this court granted NeoMagic's request to stay all **discovery** relating to Trident's antitrust counterclaim during the pendency of the patent case. The principal purpose of the stay was to avoid the delay of discovery and trial on the primary claims of patent infringement. A second purpose of the stay was to avoid a potential waste of resources for the parties and the court. Due to the nature of Trident's counterclaim, the continuing viability of the antitrust claim was dependent on the outcome of the patent infringement claims. Because of this relationship between NeoMagic's patent infringement claims and Trident's antitrust claim, staying the antitrust claim may have conserved resources which would have been wasted, had the underlying antitrust claim been mooted by the resolution of the patent claims in favor of NeoMagic.

Trident alleged in its antitrust counterclaim that NeoMagic initiated an "objectively baseless"

patent lawsuit in bad faith for the purpose of directly interfering with [*4] the business relations of a competitor. If Trident had been found to infringe NeoMagic's patents, it would have been impossible for Trident to deem NeoMagic's infringement allegations "objectively baseless." Thus, if NeoMagic had been able to prove that Trident had infringed their patents, the antitrust claim would have been mooted and **discovery** on that claim would have been unnecessary.

Therefore, both to conserve resources and to prevent delay in the resolution of the primary patent case, the court granted the original **stay** on all antitrust **discovery.**

B. Do Current Circumstances Dictate that the Court Should Now **Lift** the Original **Stay?**

The court finds that in light of its February 1, 2001 order granting summary judgment of non-infringement to Trident, the reasons supporting the court's original grant of a stay at the earlier stage in the proceeding are no longer applicable.

In support of its position that the stay should now be lifted, Trident argues that it will be prejudiced by further delay due to the likelihood that as more time goes by, the memories of witnesses will fade and valuable evidence may be lost. Furthermore, at the August 28, 2001 teleconference hearing, [*5] Trident ensured both NeoMagic and the court that should the stay be lifted, the scope and purpose of the discovery would be limited to preserving the factual record and would not be so burdensome as to interfere with NeoMagic's pending appeal. NeoMagic contends that the court should continue to stay the antitrust case pending the Federal Circuit appeal in order to prevent a potential waste of resources. They argue that if the Federal Circuit reverses this court's order of summary judgment of non-infringement, Trident's factual predicate for the antitrust claim may still be eliminated should NeoMagic ultimately be successful in its patent infringement case on remand.

H/VI?In determining whether to grant a stay, a district court weighs the possible damage, hardship, and inequities to the parties to the lawsuit against the possibility that a stay will conserve resources and simplify the issues in question and the trial of the case. Balancing these competing considerations in this factual context, the court finds that a further stay of discovery relating to Trident's antitrust counterclaim pending NeoMagic's appeal of the court's non-infringement ruling would unduly prejudice Trident's ability [*6] to take discovery and to develop facts that may support the substantive elements of their antitrust claim.

The court will enter an order in accordance with this memorandum opinion.

Source:   Legal > Cases - U.S. > All Courts - By State > DE Federal & State Cases, Combined i
Terms:   lift w/10 stay w/10.discovery. (Edit Search)
Focus:   **lift w/20 stay w/20 discovery** (Exit.FOCUS.™)
View:   Full
Date/Time: Tuesday, March 8, 2005 - 11:33 AM EST

* Signal Legend:
:£ -   Warning: Negative treatment is indicated
[q] -   Questioned: Validity questioned by citing refs
⚠ -   Caution: Possible negative treatment
A -   Positive treatment is indicated
IU -   Citing Refs. With Analysis Available
::Q -   Citation information available
* Click on any *Shepard's* signal to Shepardize® that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.