IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSUS TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1231-SLR |
| | ) | |
| RADIANSE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED ANSWER AND SECOND AMENDED COUNTERCLAIM

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 15(a), defendant Radianse, Inc. hereby files its Second Amended Answer and Second Amended Counterclaim.

For answer to each numbered paragraph of the Complaint, the Defendant, Radianse, Inc. ("Radianse") states as follows:

1. Radianse admits the allegations of paragraph 1.

2. Radianse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Radianse admits the allegations contained in paragraph 3.

4. Radianse admits the allegations contained in paragraph 4.

5. Radianse admits the allegations contained in paragraph 5, except that Radianse denies that Versus is a "leading" developer and marketer of products as alleged therein.

6. Radianse admits the allegations contained in paragraph 6.

7. Radianse repeats and incorporates its responses to paragraphs 1 through 6.

8. Radianse admits the allegations contained in paragraph 8.

9. Radianse admits the allegations contained in paragraph 9.

10. Radianse admits the allegations contained in paragraph 10.

11. Radianse admits the allegations contained in paragraph 11.

12. Radianse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Radianse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Radianse denies the allegations contained in paragraph 14.

15. Radianse denies the allegations contained in paragraph 15.

16. Radianse denies the allegations contained in paragraph 16.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim on which relief may be granted.

2. U.S. Patent No. 5,027,314 (the " '314 patent") is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

3. U.S. Patent No. 5,572,195 (the " '195 patent") is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

4. U.S. resissue Patent No. 36,791 (the " '791 patent") is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

5. U.S. Patent No. 6,154,139 (the " '139 patent") is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

6. The Complaint is barred by the doctrine of laches.

7. Radianse does not presently infringe, and has never infringed any of the patents alleged in the Complaint.

## SECOND AMENDED COUNTERCLAIM

1. This is a counterclaim for a declaration of non-infringement and invalidity of the claims of the '314, '195, '791, and '139 patents ("the patents in suit") and for tortious interference with economic relationships against Versus Technology, Inc. ("Versus"). This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§1331, 1338, and 2201.

### Parties

2. On information and belief, Versus is a corporation incorporated under the laws of Delaware, and has its principal place of business at 2600 Miller Creek Road, Traverse City, Michigan 49684.

3. Radianse, Inc. ("Radianse") is a Delaware corporation with its principal place of business at 439 South Union Street, Suite 403, Lawrence, Massachusetts 01843.

### Non-infringement and Invalidity

4. An actual case or controversy exists between the parties concerning the infringement and validity of the claims of the patents in suit and that controversy is ripe for adjudication by this Court.

5. Radianse does not presently infringe, and has never infringed any claim of any of the patents in suit.

6. U.S. Patent No. 5,027,314 is invalid under one or more of 35 U.S.C. §§101, 102, 103, and/or 112.

7. U.S. Patent No. 5,572,195 is invalid under one or more of 35 U.S.C. §§101, 102, 103, and/or 112.

8. U.S. resissue Patent No. 36,791 is invalid under one or more of 35 U.S.C. §§101, 102, 103, and/or 112.

9. U.S. Patent No. 6,154,139 is invalid under one or more of 35 U.S.C. §§ 101, 102,

3

103, and/or 112.

## Tortious Interference With Economic Relationships

10. Versus makes, uses and sells indoor locating systems for use, inter *alia*, in the health care industry.

11. Radianse makes, uses and sells indoor locating systems for use, inter *alia*, in the health care industry.

12. Versus is a direct competitor of Radianse.

13. Between February and June, 2004, Versus approached numerous entities that it knew to be customers of Radianse, including but not limited to PeriOptimum, Pinnacle Health Group, and Cerner Corporation, and told them that Radianse infringed patents of Versus and that they should not buy from Radianse for that reason.

14. Between February and June, 2004, Versus approached numerous entities that it knew to be potential customers of Radianse, including but not limited to Four Rivers Software, and told them that Radianse infringed patents of Versus and that they should not buy from Radianse for that reason.

15. Radianse had a reasonable probability of obtaining business from the actual and prospective customers that were approached by Versus as above alleged.

16. The statements by Versus alleged above were false and objectively baseless, because the Versus patents are not infringed by Radianse and because, on information and belief, Versus does not own some or all of the patents or possess standing to assert a claim of infringement against Radianse under them.

17. On information and belief, the statements by Versus alleged above were made in bad faith in that Versus knew that the statements were false or made them with disregard for their falsity.

18. The foregoing activity of Versus has caused Radianse to suffer damage in the form of lost sales and loss of customer good will.

19. The conduct of Radianse alleged above constitutes intentional interference by Versus with actual and prospective business relationships of Radianse.

WHEREFORE, Radianse requests that this Court:

a) Dismiss the Complaint in its entirety, with prejudice;

b) Enter the judgment in favor of Radianse and against Versus;

c) Declare that Radianse is not infringing and has not infringed any claims of the '314, '195, '791, '139 patents;

d) Declare that the claims of the '314, '195, '791 and '139 patents are invalid;

e) Preliminarily enjoin Versus from contacting actual and prospective customers of Radianse and suggesting or stating to them that Radianse's products or services infringe patents of Versus;

f) Award Radianse damages for Versus' tortious misconduct;

g) Award Radianse its costs and fees in bringing this Counterclaim; and

h) Award such further relief as the Court deems just and appropriate.

_____
Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600

                                                    Sibley P. Reppert
                                                    William A. Scofield, Jr.
                                                    LAHIVE & COCKFIELD, LLP
                                                    28 State Street
                                                    Boston, MA  02109
                                                    (617) 227-7400

                                                    Attorneys for Radianse, Inc.

Dated:  March 28, 2005

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on March 28, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>George Pazuniak , Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>PO Box 2207
>Wilmington, DE 19899

I further certify that on March 28, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>John W. Shaw (No. 3362)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>jshaw@ycst.com
>
>Attorneys for Radianse, Inc.