**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **VERSUS TECHNOLOGY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **and** | ) | **Civil Action No. 04-1231 (SLR)** |
| | ) | |
| **FRESHLOC TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| **Involuntary Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RADIANSE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO LIFT STAY OF DISCOVERY REGARDING UNFAIR COMPETITION COUNTERCLAIM**

Plaintiff Versus Technology, Inc. ("Versus") submits this brief in opposition to the motion filed by Defendant Radianse, Inc. ("Radianse") to amend this Court's November 29, 2004 Scheduling Order (D.I. 18) to lift the stay of discovery regarding Radianse's Amended Counterclaim imposed by this Court during its November 19, 2004 Scheduling Conference.

## I. NATURE AND STAGE OF THE PROCEEDING

On September 3, 2004, Versus filed a Complaint against Radianse alleging infringement of four patents owned by or exclusively licensed to Versus. (D.I. 1). Radianse filed an initial Answer and Counterclaim on October 18, 2004, alleging that Versus interfered with Radianse's economic

relationships by asserting its patent rights. (D.I. 5) Versus moved to dismiss Radianse's Counterclaim on November 8, 2004 (D.I. 8) and Radianse amended its Counterclaim on November 12, 2004 (D.I. 12).[1]

During a telephonic scheduling conference on November 19, 2004, the Court stayed Radianse's Counterclaim pending resolution of the predicate patent infringement claims. This mooted all pending motions concerning Radianse's Amended Counterclaim. (D.I. 18).

## II. ARGUMENT

### A. No Basis for Belated Reconsideration

The Court stayed discovery on November 19, 2004. Now, more than four months later and well past the ten day limit for filing a motion for reconsideration pursuant to Local Rule 7.1.5, Radianse asks the Court to reconsider its earlier decision.

The request is not only belated, but does not comport with any basis for reconsideration:

> A motion for reconsideration under Delaware Local Rule 7.1.5…is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). The purpose of a motion for reconsideration…is to correct manifest errors of law or fact or to present newly discovered evidence. Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.

*Ciena Corp. v. Corvis Corp.*, 352 F.Supp.2d 526, 527 (D.Del.2005) (*citations and quotations omitted*). Radianse does not cite any new developments or new evidence in seeking reconsideration. Nor does Radianse identify clear errors of law or fact. Radianse's motion is simply too little too late.

[1] Radianse filed a Second Amended Answer And Second Amended Counterclaim on March 28, 2005 to include allegations of invalidity in its Counterclaim. Radianse's counterclaim for tortious interference was unchanged by the second amendment.

**B. The Stay is Consistent with Precedent**

Radianse cites *Neomagic Corp. v. Trident Microsystems, Inc.*, 2001 U.S. Dist. LEXIS 14585, as guiding precedent regarding "staying discovery as to the counterclaims in patent actions." (D.I. 35, p. 4 and Exhibit D thereto). *Neomagic* stayed discovery of a counterclaim, and, thus, supports the Court's existing Order. In *Neomagic,* the accused infringer, Trident, counterclaimed that plaintiff's "allegations of patent infringement were made in bad-faith for the express anti-competitive purpose of interfering with Trident's business and customer relationships." *Id*. at *2. The *Neomagic* Court had previously ordered a stay of discovery on the counterclaim "to avoid the delay of discovery and trial on the primary claims of patent infringement . . . [and] to avoid a potential waste of resources for the parties and the court," because "the continuing viability of the antitrust claim was dependent on the outcome of the patent infringement claims." *Id*. at *3 The stay of discovery on the counterclaim was lifted only after the court granted summary judgment of non-infringement of the patents in suit.

Because *Neomagic* supports the stay, Radianse devotes its brief to trying to distinguish *Neomagic*. That effort is self-defeating. Even if Radianse could distinguish the leading authority, Radianse still cannot cite any authority supporting its request for reconsideration of the Court's stay.

In any event, Radianse's arguments fail. Radianse argues that it's Counterclaim "is not wholly dependent on the outcome of the patent infringement claim of Versus," because allegedly Versus "does not own some or all of the patents or possess standing to assert a claim of infringement against Radianse under them." (D.I. 35, p. 4.). Radianse's proposition is absurd. Versus owns two of the four patents in suit, and is the exclusive licensee of the other two. Versus has the right to assert its owned and exclusively-licensed patents. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308

(Fed.Cir.2003). ("Under 35 U.S.C. § 100(d), '[t]he word 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee.' Exclusive licensees holding all substantial rights to the patent meet this standard."). Versus also has at least the right to warn potential infringers. *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed.Cir.2004) ("[A] patentee must be allowed to make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction."). Radianse cites no authority for its proposition that Versus could not disclose its exclusively-licensed patents to third-parties or could not sue upon them. And, even if Radianse could establish its new proposed law, that does not justify Radianse's claim that Versus's actions were objectively unreasonable and in bad-faith, and, certainly, does not distinguish *Neomagic*.

Radianse's attempt to distinguish this case from *NeoMagic* is in vain. As was the case in *NeoMagic*, Radianse's Counterclaim depends on its ability to prove that the patents in suit are so manifestly invalid or not infringed that Versus's action could not have been objectively reasonable, and was undertaken in bad faith. Radianse has not even set forth a reasonable basis for its argument, much less demonstrated that *Neomagic* should not be followed. The Court's Order follows *Neomagic* and is otherwise justified.

**B. <u>The Present Stay is Necessary to Avoid Prejudice to Versus</u>**

The Federal Circuit recognizes that the judicial goals of speed and economy may necessitate a District Court's stay of ancillary claims where such claims can be mooted by the resolution of dispositive primary claims:

> A district court has broad powers of case management . . . . When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved. Thus the court's management of discovery…may serve the salutary goals of speed and economy, and is appropriate in cases in which the dispute may be resolved…without compromise of justice.

*Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 803-4 (Fed.Cir.1999) (citations omitted).

This Court recognized the potential prejudice to Versus if Radianse was permitted to begin discovery of its Counterclaim. Radianse suggests, for the first time, that the Scheduling Order, entered four months ago, did not reflect the consensus reached by the parties nor the intention of the Court. (D.I. 35, p. 2) Radianse, however, had approved the Order before it was signed by the Court. (Exhibit A). Radianse does not even attempt to explain why it approved an Order that was allegedly incorrect, or why the Court would have entered an order that did not reflect the Court's rulings at the Scheduling Conference.

Radianse ignores the prejudice facing Versus should the stay be lifted. Radianse's Counterclaim is a blatant attempt to convert Versus's trial counsel into witnesses as to the reasonableness of Versus's assertion of its patent rights, attempt to force waiver of attorney-client and work-product privileges, and otherwise manufacture issues attendant with such a Counterclaim. Such tactical maneuvering is inappropriate, particularly when Radianse does not even attempt to offset the plain prejudice to Versus by any showing of the need for such discovery at this time or any reason why the Counterclaim is not preferably postponed until after it is determined whether Radianse has infringed any of the Versus patents, which would by itself dispose of the Counterclaim as a matter of law.

Radianse argues that the current stay allegedly defeats judicial economy, may unduly prolong

this litigation, and is "necessary" to prevent evidence from being lost by the passage of time. But, these makeweight arguments fail, because:

(A) Radianse wrongly assumes that it is more efficient to try the issue of the reasonableness of Versus's infringement assertion now, rather than after trial of the merits of the underlying action. It is far more efficient to consider the issue after trial of the patent case, because a verdict for Versus on any patent claim will defeat the Counterclaim as a matter of law. Indeed, the Court may very well observe that Versus has presented reasonable grounds for infringement, such that the Counterclaim may be dismissed as matter of law, without any further proceedings even should Radianse prevail in the underlying case. Versus need only establish that its claims have an objective basis in order to invoke the preemptive effect of the federal patent laws against the Counterclaim.

(B) Radianse's proposed prejudice is speculative and minor compared to the actual prejudice to Versus if the Counterclaim goes forward.

(C) Radianse's fear that evidence may be lost is exaggerated at best, particularly in light of the relative speed of the current schedule and the lack of complexity surrounding the Counterclaim. If Radianse's argument were accepted, then no Court could ever stay any discovery, because any delay would inevitably be subject to Radianse's proposed risk. A balance must be struck to prevent counterclaims from delaying or disrupting primary claims, particularly where the underlying issues can moot the counterclaims. That balance has already been properly struck by the Court.

## III. CONCLUSION

In view of the foregoing analysis of the facts and law, Versus respectfully request that the Court deny Radianse's motion to amend the Scheduling Order.

Respectfully Submitted,

DATED: April 4, 2005

s/ James M. Lennon

George Pazuniak (DE #478)
Gerard M. O'Rourke (DE #3265)
James M. Lennon (DE #4570)
**CONNOLLY, BOVE, LODGE & HUTZ**
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2005, I electronically filed this PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO LIFT STAY OF DISCOVERY REGARDING UNFAIR COMPETITION COUNTERCLAIM with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following, who is also ***SERVED BY HAND*** on this date:

Josy W. Ingersoll (#1088)
jingersoll@ycst.com
YOUNG CONAWAY STARGATT
& TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
*Counsel for Defendant, Radianse, Inc.*

I hereby certify that on April 4, 2005, I electronically mailed the documents to the following non-registered participants:

Sibley P. Reppert
spr@lahive.com
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400
*Co-Counsel for Defendant, Radianse, Inc.*

DATE: April 4, 2005

s/ James M. Lennon
James M. Lennon (#4570)
**CONNOLLY BOVE LODGE & HUTZ, LLP**
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 888-6271
*Attorney for plaintiff, Versus Technology, Inc.*

387684