IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSUS TECHNOLOGY INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-1231-SLR |
| | ) | |
| RADIANSE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

1. **Introduction**. On September 3, 2004, plaintiff Versus Technology, Inc. sued defendant Radianse, alleging infringement of four patents owned by or exclusively licensed to plaintiff. (D.I. 1) Defendant filed an answer which included a counterclaim alleging tortious interference with economic relations based on plaintiff's alleged enforcement of the patents. (D.I. 5) On November 8, 2004, plaintiff filed a motion to dismiss defendant's counterclaim. (D.I. 8) On November 12, 2004, defendant filed an amended counterclaim, which addressed the arguments included in plaintiff's motion to dismiss.[1] (D.I. 12) Currently before the

---

[1] Plaintiff presented two arguments in its motion to dismiss. First, plaintiff argued that federal law preempts defendant's state law counterclaim unless defendant claimed that plaintiff's communications to customers and prospective customers were made in bad faith. (D.I. 9 at 4). Defendant addressed this argument by claiming in its amended counterclaim that plaintiff made allegations of infringement to defendant's actual and prospective customers in bad faith. (D.I. 12 at 3) Plaintiff's second argument was that defendant failed to state a claim for tortious interference with economic relations because it did not

court is plaintiff's motion to dismiss defendant's original counterclaim. (D.I. 8) For the reasons set forth below, the court denies plaintiff's motion to dismiss.

2. **Background**. Plaintiff and defendant both make, use, and sell indoor locating systems for use in the health care industry. (D.I. 1, 5, 9, 12) Plaintiff is the assignee of United States Patent No. 6,154,139 ("the '139 patent"). (D.I. 1, ex. D) Plaintiff also claims to be the owner or exclusive licensee of United States Patent Nos. 5,027,314 ("the '314 patent") and 5,572,195 ("the '195 patent"), and United States Reissue Patent No. 36,791 ("the '791 patent"). (D.I. 2-3) Plaintiff sued defendant, alleging infringement of these patents. (D.I. 1) Defendant alleges that between February and June 2004, plaintiff approached numerous entities that plaintiff knew to be defendant's customers and potential customers including, but not limited to, PeriOptimum, Pinnacle Health Group, Cerner Corporation, and Four Rivers Software, and told them that defendant infringed plaintiff's patents and that they should not buy from defendant for these reasons. (D.I. 12 at 3)

3. **Discussion**. When a party files an amended pleading,

---

identify the name of the customers or potential customers underlying the economic relationships with which plaintiff allegedly interfered. (D.I. 9 at 6) Defendant addressed this argument by claiming that plaintiff interfered with defendant's economic relationships with PeriOptimum, Pinnacle Health Group, Cerner Corporation, and Four Rivers Software. (D.I. 12 at 3)

the opposing party "shall plead in response to [the] amended pleading . . . ." Fed. R. Civ. P. 15(a). The Third Circuit has made it clear that "[a]n amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit." Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002); see also 3 James Wm. Moore et al., Moore's Federal Practice § 15.17[3] (3d ed. 2005) ("An amended pleading that is complete in itself and does not reference or adopt any portion of the prior pleading supercedes the prior pleading."). This court has held that where a party filed an amended complaint, a motion to dismiss the original complaint was rendered moot. Standard Chlorine, Inc. v. Sinibaldi, 821 F. Supp. 232, 239-40 (D. Del. 1992). The court finds nothing to distinguish these cases, involving motions to dismiss complaints, from the present matter, involving a motion to dismiss a counterclaim. Consequently, defendant's filing of an amended counterclaim rendered plaintiff's motion to dismiss the original counterclaim moot, and plaintiff's motion to dismiss is denied.

4. **Conclusion.** For the reasons set forth above, at Wilmington this 13th day of April, 2005,

IT IS ORDERED that plaintiff's motion to dismiss defendant's counterclaim (D.I. 8) is denied.

United States District Judge