IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSUS TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1231--SLR |
| | ) | |
| RADIANSE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION
<u>FOR LEAVE TO FILE AMENDED COMPLAINT</u>**

The Defendant, Radianse, Inc. ("Radianse") hereby responds to the motion of Versus Technology, Inc. ("Versus") to amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to add Freshloc Technologies, Inc. ("Freshloc") as an "involuntary plaintiff."[1] In its motion, Versus makes no showing that this Court possesses personal jurisdiction over Freshloc, and its proposed Amended Complaint contains no allegation to that effect. In addition, Versus's motion makes no showing or allegation that Freshloc has been notified about the action and has refused or is unable to join the action as co-plaintiff. For these reasons, Plaintiff's motion is improperly brought under Rule 15, and likewise cannot be brought under Rule 19 of the Federal Rules of Civil Procedure absent additional facts not established in the present motion papers.

---

[1] While Radianse initially informed Versus that it would not oppose a motion to amend to bring in Freshloc, it was not provided with a copy of Versus's motion in advance of its filing, and believes that the motion as filed is improper for the reasons set forth in the present response.

This Court addressed a similar situation in *Calgon Corporation v. Nalco Chemical Co.,* 726 F. Supp. 983 (D. Del. 1989). In *Calgon*, the plaintiff, a patent licensee, moved pursuant to Rule 15(a) to add the patentee as a plaintiff. The court determined that, as the patent licensor, the patentee was a necessary party. It held that, because the licensor retained significant rights in the patent, the licensee could not commence an infringement action in its own name, and that the must be dismissed unless the licensee could amend its complaint to add the licensor as a plaintiff. (*Id.* at 989)

In *Calgon*, the court held that the licensee could not use Rule 15 to add the patentee, Kurita, involuntarily if it refused to join the action voluntarily, because, by Calgon's admission, the court did not have personal jurisdiction over Kurita:

> Assuming that Calgon amends its complaint, it remains to be seen whether Kurita will join this action voluntarily, or, failing Kurita's voluntary appearance, whether Kurita can be joined as an "involuntarily" plaintiff. The proper context for a party to be made "an involuntary" plaintiff is pursuant to a motion under Rule 19, and Calgon has not made a motion under Rule 19.

*Id.* at 990. The Court described Calgon's decision to file its motion under Rule 15(a) as "unfortunate in one respect because the Court has been deprived of briefing and argument on whether this is a "proper case" for Kurita to be joined as an involuntarily plaintiff under Rule 19(a) or whether dismissal is mandatory under the factors noted in Rule 19(b)." It reasoned that, "to decide a motion under Rule 19, it would be useful to know whether Calgon has requested Kurita to join this action voluntarily, *see Independent Wireless [Telegraph Co. v. Radio Corp. of America,* 269 U.S. 459, 70 L. Ed. 357, 46 S. Ct. 166 (1926)], whether Kurita would be subject to the process of some other court with subject matter jurisdiction over this action; and whether Kurita will be bound by a final judgment in this action if not joined." None of those issues was adequately addressed in Calgon's motion to amend.

The court resolved the issue regarding Calgon's Rule 15 motion, as follows:

> The unusual procedural posture of this case presents a novel question. If the Court denies Calgon's motion for leave to amend its complaint, Calgon will be out of court because it lacks standing. Under *Independent Wireless* Calgon should be given a procedural option to avoid this inequitable result. However, Calgon cannot use Rule 15 to add Kurita involuntarily if Kurita refuses to join this action voluntarily. Guided by the mandate of Rule 1, Fed. R. Civ. P., that the Rules are to be construed to "secure the just, speedy and inexpensive determination of every action," the Court will permit Calgon to amend its complaint pursuant to Rule 15 to add Kurita as a plaintiff. However, because Calgon does not have standing to sue in its own name, and because Rule 15 cannot be used to join involuntary plaintiffs, this action will be dismissed after 30 days if Kurita does not enter a voluntary appearance. We will also give Calgon leave to file a Rule 19 motion to join Kurita as an involuntary plaintiff within 30 days if Calgon should determine that Kurita will not enter a voluntary appearance. In so providing, we are not, however, ruling that a Rule 19 motion will be granted. That decision will require further briefing and consideration.

*Id.*

Radianse submits that the procedure followed in *Calgon* should likewise be applied by this Court to Versus's pending motion to amend under Rule 15 to add its licensor, Freshloc, as an "involuntary plaintiff." By bringing its motion to add Freshloc as an "involuntary plaintiff," Versus has impliedly admitted that, if Freshloc is not added as a party plaintiff, Versus lacks standing to bring this action, although that issue remains to be briefed in the present action. Versus has made no showing, or even any allegation, that this Court possesses personal jurisdiction over Freshloc as required for it to be added as a party plaintiff pursuant to Rule 15. Likewise, it has made no showing that Freshloc constitutes an "involuntary plaintiff" for purposes of Rule 19 or that the joinder of Freshloc as a party would be permitted under Rule 19.

Since Versus's motion is brought improperly under Rule 15, it should be granted conditionally for the reasons set forth in *Calgon*. If Freshloc fails to appear voluntarily

within a period to be set by this Court, the motion to amend should be denied, and Versus should be provided with an additional period of time to move to add Freshloc as an involuntary plaintiff under Rule 19. Radianse reserves the right to oppose such a motion.

Respectfully submitted,

RADIANSE, INC.

By its attorneys,

*/s/ Josy W. Ingersoll*

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6672

Of Counsel:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

Dated:  April 13, 2005

WP3:1102955.1

63582.1001

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll hereby certify that on April 13, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>George Pazuniak, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 N. Orange Street
>Wilmington, DE  19801, Esquire

I further certify that on April 13, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_/s/ Josy W. Ingersoll_
>Josy W. Ingersoll (No. 1088)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>jingersoll@ycst.com
>
>Attorneys for Radianse, Inc.