REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSUS TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1231-SLR |
| | ) | |
| RADIANSE, INC. | ) | **CONFIDENTIAL –** |
| | ) | **FILED UNDER SEAL** |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION
TO AMEND SCHEDULING ORDER TO LIFT A STAY OF
<u>DISCOVERY REGARDING ITS COUNTERCLAIM</u>**

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6672

Dated: April 11, 2005

REDACTED VERSION – PUBLICLY FILED

# TABLE OF AUTHORITIES

Page

**Cases**

*Textile Productions, Inc. v. Mead Corp.*,
   134 F.3d 1481 (Fed. Cir. 1998) ............................................................................................. 3

**Rules**

Fed. R. Civ. P. 15 ....................................................................................................................... 3

i

REDACTED VERSION – PUBLICLY FILED

Pursuant to Local Rule 7.1.2, defendant, Radianse, Inc. ("Radianse") hereby replies to Plaintiff's Opposition to Defendant's Motion to Lift Stay of Discovery Regarding Unfair Competition Counterclaim ("Opposition").

As counsel explained to the Court during last weeks' discovery status conference, Radianse will be seriously prejudiced if discovery on its counterclaim is delayed until after the trial of the infringement claims of Versus. The Court can determine at a later stage in this litigation whether the trial of Radianse's counterclaim for tortious interference should be bifurcated or phased to occur after trial of Versus's infringement claims and Radianse's counterclaim of patent invalidity. As a matter of judicial economy, and to preserve testimony that may be otherwise lost, discovery on all claims of each party should be permitted to occur simultaneously. Contrary to Versus' unfounded assertion, Radianse has no intention to use its counterclaim as a vehicle to depose Versus' trial counsel.

Moreover, Versus dismisses as "absurd" Radianse's argument that its counterclaim[1] for tortious interference is not wholly dependent on the outcome of the patent infringement claim of Versus, because Versus does not own some or all of the patents in suit, and does not possess standing to assert a claim of infringement against Radianse under them in its own name. (Opposition, at 3). In support of its position, Versus states that it "owns two of the four patents in suit, and is the exclusive licensee of the other two." As set forth below, however, the arguments made by Radianse in its opening brief in support of this motion are meritorious, rather than "absurd."

---

[1] Radianse's motion was directed to its Amended Counterclaim. It has since filed its Second Amended Counterclaim, that contains the same allegations regarding tortious interference as the Amended Counterclaim.

REDACTED VERSION – PUBLICLY FILED

1. **Versus Lacks Standing to Assert Patent Infringement Under the '195 and '791 Patents in its Own Name**

As requested by Radianse during the discovery conference with the Court on April 6, 2005, Versus has just produced to Radianse a copy of the license agreement[2] under which it claims to possess rights to two of the patents in suit, U.S. Patents No. 5,572,195 ("'195 patent") and RE 36,791 ("'791 patent"). Both patents identify Precision Tracking FM, Inc. ("PTFM") as the assignee.



Consequently, Versus clearly does not possess "all substantial rights" to the patent, and therefore does not have standing to bring the present lawsuit in its own name without joining the patent owner. *Textile Productions, Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998).

Versus has impliedly admitted the fact that it lacks standing to sue in its own name by moving under Fed. R. Civ. P. 15 to file an amended complaint, purporting to add Freshloc as an "involuntary plaintiff." As pointed out to the Court during the conference on April 6, it is Radianse's position that Versus' motion should have been brought under Rule 19, not Rule 15.

---

[2] The license agreement is attached hereto.

REDACTED VERSION – PUBLICLY FILED

It remains to be determined whether Versus indeed has the right to require Freshloc to participate as an "involuntary plaintiff." In any event, what is apparent as the case now stands is that Versus lacks standing to bring this action in its name only.

2. <u>The Versus License Agreement</u>



 As Versus is well aware, Radianse's indoor positioning system products are "*non-infrared* technology based products" that employ non-infrared RF (radio frequency) signals as their primary position finding technology.

Versus only has rights to, and could assert a claim of infringement under the '195 and '791 patents as to, products that meet the limitations of the asserted claims *by use of infrared technology*. This is not the case as to Radianse's products, as Versus well knows, and as is apparent from Radianse's published materials.

3. <u>Radianse Should Be Permitted to Conduct Discovery on its Counterclaim</u>

Since Versus lacks standing to sue generally under the 195 and '791 patents in its own name, and Versus' license agreement under the '195 and '791 patents is expressly limited to a field that does not cover Radianse's non-infrared based products, the statements made by Versus to Radianse's customers that are the basis for Radianse's counterclaim (to the effect that

3

WP3:1101997.1                                                                              63582.1001

Radianse is infringing "patents of Versus" and therefore customers should not buy from Radianse) are "objectively baseless." This is true irrespective of whether the '195 and '791 patents are infringed by Radianse outside the limited field that is licensed to Versus (which Radianse vehemently denies). In other words, the alleged tortious conduct of Versus is not merely the flip-side of Versus' infringement claim, a consideration which led the court initially to grant a stay of discovery on the counterclaim in *Neomagic*, as discussed in Radianse's opening brief.

Moreover, Radianse will be seriously prejudiced if discovery on its counterclaim is not permitted to occur prior to the trial of the infringement claims of Versus. The Court can determine at a later stage in this litigation whether the trial of Radianse's counterclaim for tortious interference should be bifurcated or phased to occur after trial of Versus's infringement claims and Radianse's counterclaim of patent invalidity. As a matter of judicial economy, and to preserve testimony that may be otherwise lost, all discovery on all claims of each party should be permitted to occur simultaneously.

## CONCLUSION

For all these reasons, Radianse respectfully requests that this Court modify the Scheduling Order to permit it to conduct discovery on its counterclaim for tortious interference in the normal course pursuant to the schedule applicable to the remaining claims in this action.

Respectfully submitted,

RADIANSE, INC.

By its attorneys,

_____
Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6672

Of Counsel:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll hereby certify that on April 26, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> George Pazuniak, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE  19801, Esquire

I further certify that on April 26, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for Radianse, Inc.

WP3:1093430.1

63582.1001