IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSUS TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-1231 (SLR) |
| | ) | |
| RADIANSE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## RADIANSE'S MOTION TO DISMISS FOR LACK OF STANDING AS TO VERSUS' CLAIM OF INFRINGEMENT OF U.S. PATENTS 5,572,195 AND RE36,791 OR, WITH LEAVE OF COURT, FOR PARTIAL SUMMARY JUDGMENT OF DISMISSAL

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Radianse moves to dismiss Versus' claims for infringement of two of the patents in suit, namely, U.S. Patent No. 5,572,195 (the "'195 patent") and U.S. Reissue Patent No. 36,791 (the "'791 Patent"), on the ground that Versus lacks standing to sue. Versus purports to sue for infringement of both the '195 and '791 patents as the exclusive licensee of those patents (Complaint, ¶ 13). To the contrary, the license under which Versus sues is exclusive only as to a defined limited field of use, and Radianse's indoor positioning systems do not fall within that limited field.[1]

To the extent that this Court deems the present motion to constitute a motion for summary judgment, Radianse requests leave to file the present motion pursuant to Section 6 of the Scheduling Order. Radianse submits that prompt resolution of the standing issue is in the interest of judicial economy and that postponement of the resolution of that issue will prejudice

---

[1] Versus also lacks standing to sue for infringement of the '195 and '791 patents, because the license agreement under which Versus sues grants exclusive rights only for a limited ten-year period and, thus, Versus does not possess all substantial rights to those patents and cannot maintain this action in its own name. Radianse previously raised this issue with the Court in response to Versus' motion to amend its complaint under Rule 15. Versus has since withdrawn that motion. Radianse understands that Versus may revise and re-file its motion to amend, and reserves its rights with respect to this issue.

both parties by requiring them to conduct costly and unnecessary discovery and claim construction briefing regarding the '195 and '791 patents.

The grounds for this motion are set forth in Radianse's opening brief and its appendix, and in the Affidavits of Michael Dempsey and Paul Tessier filed herewith.

>Respectfully submitted,
>
>YOUNG CONAWAY STARGATT
>    & TAYLOR, LLP
>
>
>  /s/ Christian Douglas Wright
>Josy W. Ingersoll (#1088)
>John W. Shaw (#3362)
>Christian Douglas Wright (#3554)
>The Brandywine Building
>1000 West Street, 17th Floor
>P. O. Box 391
>Wilmington, DE  19899-0391
>(302) 571-6672
>jingersoll@ycst.com
>
>Attorneys for Defendant Radianse, Inc.

OF COUNSEL:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

DATED:  May 12, 2005

**CERTIFICATE OF SERVICE**

I, Christian Douglas Wright, hereby certify that on May 12, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> George Pazuniak, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE 19801, Esquire

I further certify that on May 12, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Christian Douglas Wright*
Christian Douglas Wright (No. 3554)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
cwright@ycst.com

Attorneys for Radianse, Inc.