REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VERSUS TECHNOLOGY, INC.,                )
                                        )
                Plaintiff,              )
                                        )     Civil Action No. 04-1231 (SLR)
        v.                              )
                                        )
RADIANSE, INC.                          )     **CONFIDENTIAL**
                                        )     **FILED UNDER SEAL**
                Defendant.              )

## OPENING BRIEF IN SUPPORT OF RADIANSE'S MOTION TO DISMISS FOR LACK OF STANDING AS TO VERSUS' CLAIM OF INFRINGEMENT OF U.S. PATENTS 5,572,195 AND RE36,791 OR, WITH LEAVE OF COURT, FOR PARTIAL SUMMARY JUDGMENT OF DISMISSAL

                        Josy W. Ingersoll (#1088)
                        John W. Shaw (#3362)
                        Christian Douglas Wright (#3554)
                        YOUNG CONAWAY STARGATT
                            & TAYLOR, LLP
                        The Brandywine Building
                        1000 West Street, 17th Floor
                        P. O. Box 391
                        Wilmington, DE  19899-0391
                        (302) 571-6672

                        *Attorneys for Defendant Radianse, Inc.*

OF COUNSEL:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

DATED:  May 12, 2005

REDACTED VERSION – PUBLICLY FILED

## TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDING ................................................. 1

SUMMARY OF THE ARGUMENT .................................................................. 1

STATEMENT OF THE FACTS ......................................................................... 2

    A.    Versus's License Agreement ............................................................ 2

    B.    The Radianse Indoor Positioning System ........................................ 4

    C.    The Radianse License Agreement ................................................... 6

ARGUMENT ................................................................................................... 7

    A.    Versus Does Not Have Standing To Sue Radianse Unless Versus Is
        An Exclusive Licensee And Radianse Is Operating Within The
        Area Of Exclusivity Stated In Versus's License ............................. 7

    B.    Versus Possesses Exclusive Rights Under The '195 And '791
        Patents Only Within The Infrared Field Of Use ............................. 8

    C.    The Licensed Patents Require The Identification Of Objects To Be
        Tracked By Means Of The Transmission Of A Unique Identifying
        Code From Each Object ................................................................. 9

    D.    Radianse's Indoor Positioning Systems Is Not Within Versus'
        Exclusive Field Of Use, Because It Constitutes A Non-Infrared
        Technology Based Product ............................................................. 10

    E.    Radianse Holds A License From The Owner Of The '791 And '195
        Patents Covering All Fields Other Than Infrared Frequencies Or
        Infrared Technology ...................................................................... 11

CONCLUSION ................................................................................................ 13

REDACTED VERSION – PUBLICLY FILED

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Allen v. Wright,*
    468 U.S. 737, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984)..........................................................8

*Amgen, Inc. v. Chugia Pharmaceutical Co., Ltd.,*
    808 F.Supp. 894 (D. Mass. 1992), *aff'd sub nom,*
    *Ortho Pharmaceutical Corp. v. Genetics Institute, Inc.,*
    52 F.3d 1026 (Fed. Cir. 1995), *cert. denied,* 516 U.S. 907 (1995)...........................................8

*Gaia Technologies v. Reconversion Technologies,*
    93 F.3d 774 (Fed. Cir. 1996)...................................................................................................8

*Prima Tech II, L.L.C. v. A-Roo Co.,*
    222 F.3d 1372 (Fed. Cir. 2000)..............................................................................................7

*Textile Productions, Inc. v. Mead Corporation,*
    134 F.3d 1481 (Fed. Cir. 1998)..............................................................................................7

**Treatises**

8 D.Chisum, *Patents* § 21.03[2][c] at 21-483 (2003) ....................................................................8

## NATURE AND STAGE OF THE PROCEEDING

Versus commenced this action by filing a complaint alleging that Radianse infringes four patents, including the United States Patents 5,572,195 (the " '195 patent") and RE36,791 (the " '791 patent"). (Complaint, ¶¶ 7-14). The Complaint alleges that, "Versus is the exclusive licensee of the '195 and '791 Patents, with the right to bring suit thereon." (Complaint, ¶13). The owner of the '195 and '791 patents, Freshloc Technologies, Inc. ("Freshloc"), is not a party to this action, and has never asserted a claim against Radianse for infringement of the patents.

In its Complaint, Versus alleges that, "Radianse markets and sells an Indoor Positioning System (IPS) product, known as the Radianse Indoor Positioning Solution (the "Radianse IPS Product"), for the healthcare environment which combines radio frequency (RF) and infrared (IR) transmissions with receivers to present real-time location data." (Complaint, ¶6).

Versus alleges that Radianse has infringed the '195 and '791 patents by making, using, selling, and/or offering to sell its Radianse IPS product. (Complaint, ¶14).

On December 6, 2004, Radianse served on Versus its first set of Requests for Admission regarding the license alleged by Versus in its Complaint regarding the '195 and '791 patents. Versus responded to Radianse's Requests for Admission on March 25, 2005.

On April 7, 2005, Versus provided Radianse a copy of its license agreement and associated exhibits.

On April 22, 2005, Freshloc granted a separate license under the '195 and '791 patents to Radianse.

## SUMMARY OF THE ARGUMENT

Versus purports to sue for infringement of both the '195 and '791 patents as the exclusive licensee of those patents (Complaint, ¶ 13). To the contrary, the license under which Versus sues

is exclusive only as to a defined limited field of use, and Radianse's indoor positioning systems do not fall within that limited field.

Versus' claims for infringement of U.S. Patent No. U.S. Patent No. 5,572,195 (the " '195 patent") and U.S. Reissue Patent No. 36,791 (the " '791 Patent")[1] should be dismissed, because Versus lacks standing to bring those claims under its license agreement regarding those patents under Article III of the Constitution.

Versus does not have standing to sue unless it is an exclusive licensee and Radianse is operating within the area of exclusivity stated in Versus's license. Versus possesses exclusive rights under the '195 and '791 patents only within the infrared ("IR") field of use. The accused Radianse Indoor Positioning System is not within Versus' exclusive field of use, because it uses radio frequency ("RF") rather than IR transmissions to identify objects, and because it requires RF rather than IR to locate objects  In addition, Radianse holds its own license from the owner of the '195 and '791 patents covering all fields other than the infrared field.

## STATEMENT OF FACTS[2]

### A.    Versus's License Agreement

1.    Versus entered into a license agreement effective as of January 31, 1997, with Precision Tracking FM, Inc. ("PTFM") and Alan C. Heller ("Heller"), by which PTFM and Heller licensed certain technology to Versus. ("Versus License Agreement," attached hereto in Tab 2; Response to Plaintiff's Request for Admission No. 1).

2.    Under the Versus License Agreement, Versus is a licensee of the '195 and '791 patents. (Plaintiff's Response to Radianse's Request for Admission No. 2).

---

[1] The '195 and '791 patents are appended to the Complaint as Appendices B and C, respectively.

[2] The facts recited herein are taken from Plaintiff's Responses to Defendant's First Set of Requests for Admission (attached hereto in Tab 1), and the Affidavits of Paul Tessier and Michael Dempsey filed herewith in support of the present motion.

3.    Subsequent to the execution of the Versus License Agreement, title to the '195 and '791 patents was assigned by PTFM to Freshloc Technologies, Inc. ("Freshloc").  (Plaintiff's Response to Radianse's Request for Admission No. 4).

4.    The '195 and '791 patents are currently owned by Freshloc.  (Plaintiff's Response to Radianse's Request for Admission No. 4).

5.    In this action, Versus purports to bring suit against Radianse for infringement of the '195 and '791 patents pursuant to the provisions of the Versus License Agreement. (Complaint, ¶13).

6.    The Versus License Agreement recites that,



' (Versus License Agreement, Recitals, at 1).

7.    The Versus License Agreement includes a "Grant of License" provision that states, '    }

REDACTED

' (Versus License Agreement, Section 1(a), at 1-2).

8.    The Versus License Agreement states that, " REDACTED

3

REDACTED VERSION – PUBLICLY FILED



(Versus License Agreement, Section 1(b), at 2).

9.    The Versus License agreement also states that, "



"  (Versus License Agreement, Section

1(c), at 2).

**B.    The Radianse Indoor Positioning System**

10.    Radianse manufactures and sells the Radianse Indoor Positioning System ("IPS").

(Affidavit of Paul Tessier, ¶ 3).

11.    The Radianse IPS accurately and continuously tracks the location of assets or

people in virtually any indoor environment.  The Radianse IPS is based on a proprietary

technique developed by Radianse to (a) identify and (b) determine the location of objects

indoors.  Both of these functions are essential to the operation of the Radianse IPS.  The

Radianse IPS is comprised of four parts – a small, inexpensive, battery-powered transmitter

called an ID Tag, a receiving unit called a Receiver, a wired or wireless network, and application

software.  (Affidavit of Paul Tessier, ¶ 5).

12.    ID Tags are small devices that transmit unique identification codes and status

information by means of radio frequency ("RF") transmissions.   These ID tags are worn by

4

individuals or attached to assets to be tracked.  (Affidavit of Paul Tessier, ¶ 6).

13.     Signals from the ID Tags are received by Receivers.  Receivers are placed at various locations around a facility and connect directly to the facility's network.  Receivers process the signals received from the ID Tags and then send the data to a computer running Radianse software.  (Affidavit of Paul Tessier, ¶ 7).

14.     The Radianse software contains a proprietary algorithm to identify and determine the location of ID Tags, which it then makes available through a web interface, sends to existing customer databases/applications, or sends on to other value-added applications via XML. (Affidavit of Paul Tessier, ¶ 8).

15.     In the Radianse IPS, ID Tags are identified by signals that are transmitted in the form of RF packets                    REDACTED                    The RF message format for the transmissions from ID Tags in the Radianse IPS is described in Appendices A and B to the Tessier Affidavit.  In particular, each RF packet includes a          unique identification of the ID Tag.  (Affidavit of Paul Tessier, ¶ 9).

16.     In addition to providing unique identification information for the ID Tag, the RF signal transmitted by the ID Tag in the Radianse IPS constitutes the primary information used by the Radianse IPS software to determine the location of the ID Tag.  (Affidavit of Paul Tessier, ¶ 10).

17.     The ID Tags in the Radianse IPS do not transmit identification information by means of infrared ("IR") frequencies.  (Affidavit of Paul Tessier, ¶ 11).

18.     The Radianse IPS also does not determine the identification of ID Tags by means of IR transmissions.  (Affidavit of Paul Tessier, ¶ 12).

19.     The RF transmissions from ID Tags in the Radianse IPS are followed by the

5

transmission of a short IR signature in standard industry format that does not contain identification information and that is not unique to Radianse. The IR signal can only be received if a valid RF packet is received. The IR signal has no relevance or meaning by itself. (Affidavit of Paul Tessier, ¶ 13).

20.     The IR signal transmitted by the ID Tags in the Radianse IPS does not provide information to identify the ID Tag. (Affidavit of Paul Tessier, ¶ 14).

21.     The RF transmissions from ID Tags in the Radianse IPS provide the primary means by which the locations of the ID Tags are calculated by Radianse. The IR signals transmitted by the Radianse ID Tags provide supplementary location information. (Affidavit of Paul Tessier, ¶ 15).

22.     The Radianse IPS requires the RF signal to both identify and locate ID Tags, but does not require the IR signal either to identify or locate ID Tags. (Affidavit of Paul Tessier, ¶ 16).

**C.     The Radianse License Agreement**

23.     On April 22, 2005, Radianse entered into a Patent License Agreement with the patent owner, Freshloc (the "Radianse License Agreement", attached hereto in Tab 3). (Affidavit of Michael Dempsey).

24.     The Radianse License Agreement recites that, "



25.    The Radianse License Agreement recites that, '



and that,

' (Radianse License Agreement, at 1).

26.    The Radianse License Agreement provides at Sections 1 and 2 as follows:



2.

## ARGUMENT

A.    **Versus Does Not Have Standing To Sue Radianse Unless
Versus Is An Exclusive Licensee And Radianse Is Operating
Within The Area Of Exclusivity Stated In Versus's License**

As a general rule, only a patentee may bring an action for patent infringement. *Textile*

*Productions, Inc. v. Mead Corporation*, 134 F.3d 1481, 1484 (Fed. Cir. 1998). A licensee lacks

standing to bring suit in its own name unless the licensee holds all substantial rights under the

patent. (*Id.*) To do so, the licensee must be an exclusive licensee. *Prima Tech II, L.L.C. v. A-*

*Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000) (exclusive, territorial license is equivalent to an

assignment and may therefore confer standing upon the licensee to sue for patent infringement).

However, an exclusive licensee only possesses standing to sue for infringement against a party operating without authority in the stated area of exclusivity. *Amgen, Inc. v. Chugia Pharmaceutical Co., Ltd.*, 808 F.Supp. 894, 899 (D. Mass. 1992), *aff'd sub nom; Ortho Pharmaceutical Corp. v. Genetics Institute, Inc.*, 52 F.3d 1026 (Fed. Cir. 1995), *cert. denied* 516 U.S. 907 (1995); 8 D.Chisum, *Patents* § 21.03[2][c] at 21-483 (2003) ("An exclusive licensee generally has standing to sue for infringement against anyone operating without authority in the stated area of exclusivity.")  Standing is a jurisdictional question, *Gaia Technologies v. Reconversion Technologies*, 93 F.3d 774, 777 (Fed. Cir. 1996), arising under Article III of the Constitution. *Allen v. Wright*, 468 U.S. 737, 750-751, 82 L. Ed. 2d 556, 104 S. Ct. 3315  (1984).

For the reasons discussed below, Versus lacks standing to maintain the present action against Radianse for infringement of the '195 and '791 patents, because the Versus License Agreement grants Versus an exclusive license only for a limited field of use, and Radianse is not operating within that stated area of exclusivity.

**B.    Versus Possesses Exclusive Rights Under The '195**
**And '791 Patents Only Within The Infrared Field Of Use**

The subject matter of the Versus License Agreement is ". 

" as set forth in Recital A thereto.  Recital A refers specifically to '

" Similarly, Recital B recites PTFM's desire to withdraw from its ";

," and transfer and license its '  '" and

," in order for PTFM to exploit its '

' Recital B further recites Versus' desire to acquire,



The Versus License Agreement grants to Versus an exclusive license under PTFM's

8

patents to make products which '  The Versus

License Agreement further specifies that Versus is <u>not</u> provided with an exclusive license as to

REDACTED " (Versus License

Agreement, § 1(c)).  In particular, PTFM retains the right to exploit ' REDACTED

' The Versus License Agreement defines '

" as " REDACTED

_Id._) .

By means of the above-quoted provisions, the Versus License Agreement defines the

boundaries of Versus' exclusive patent license.  Versus has exclusive rights to make, use, or sell

products using intellectual property applicable to products that " REDACTED

REDACTED " but that field of exclusivity does not include technology that '

REDACTED , where

the Dual Use Technology is employed for ' REDACTED ' Thus, in

the case of patents that have both REDACTED based applications, Versus'

exclusive license for such technology is limited only to products that use REDACTED echnology.

## C.  The Licensed Patents Require The Identification Of Objects To Be Tracked By Means Of The Transmission Of A Unique Identifying Code From Each Object

In order to determine the location of an object by means of a system such as the Radianse

IPS, the system obviously must first be able to identify the object.  This identification function is

basic to the Radianse IPS (Tessier Affidavit, ¶5), and is likewise a central function of the

inventions claimed in the '195 and '791 patents.  The '195 patent contains three independent

9

claims (Claims 1, 13, and 18) that are asserted[3] by Versus, each of which requires "transmitters" that transmit "unique identification codes." Similarly, the three independent claims of the '791 patent asserted by Versus (Claims 25[4], 48, and 66) also require "TAG transmissions that include a unique TAG ID."

Under the Versus License Agreement,     REDACTED     falls outside the field of Versus' exclusive license. The Versus License Agreement is restricted to " REDACTED " A product that uses REDACTED , to identify the products being tracked is not within that category. With reference to the '195 and '791 patents, Versus lacks standing to sue for infringement of claims requiring the transmission of a "unique identification code" or a "unique TAG ID," unless the identifying signal is transmitted by the use of IR and is thus within Versus' "stated area of exclusivity." *Amgen, supra* (exclusive licensee only possesses standing to sue for infringement against a party operating without authority in the stated area of exclusivity).

### D. Radianse's Indoor Positioning System Is Not Within Versus' Exclusive Field Of Use, Because It Constitutes A Non-Infrared Technology Based Product

Radianse's IPS employs small transmitters placed on people or objects ("ID Tags") that transmit a unique identifier for each ID Tag by means of radio frequency ("RF") transmissions. (Tessier Affidavit, ¶ 5). Each ID Tag transmits a RF packet that contains REDACTED of which REDACTED of the ID tag. (Id, ¶ 8). The Radianse IPS does not employ infrared transmissions or infrared technology to identify ID Tags. (Id., ¶s

---

[3] Versus identified these claims in its response to an interrogatory of Radianse.

[4] Versus identified this claim as Claim 39 in its interrogatory answer, but the text quoted by Versus in its claim chart is that of Claim 25.

11, 12).  Consequently, Radianse is not operating within Versus's "stated area of exclusivity," and Versus lacks standing to sue Radianse.

In addition to falling outside Versus's exclusive field of use in the manner in which it transmits object *identification* information, Radianse likewise falls outside Versus's exclusive license by its use of   REDACTED    "  to *locate* objects being tracked.  The signal transmitted by the Radianse ID Tags consists of the above-described  REDACTED   RF signal followed by an IR signature in standard industry format.  The IR signature does not contain identification information and is not unique to Radianse.  The IR signal can only be received if a valid RF packet is received, and has no meaning or relevance by itself.  (Id., ¶ 13).  The Radianse IPS requires the RF signal to locate the ID Tag, but does not require the IR signal (Tessier Affidavit, ¶ 16).  The IR signal provides location information supplementing information obtained by means of the RF signal.  Radianse's use of both RF and IR for the purpose of locating ID Tags constitutes the     REDACTED    ' and the Radianse product is a REDACTED REDACTED    because it relies on the use of RF to locate the ID Tag.  For purposes of locating the ID Tag, Radianse's IPS thus constitutes a    REDACTED REDACTED    that falls outside of Versus's exclusive license of the '195 and '791 patents.

**E.    Radiance Holds A License From The Owner Of The '791 And '195 Patents Covering All Fields Other Than Infrared Frequencies Or Infrared Technology**

To the extent that Versus purports to assert rights beyond the scope of its exclusive field of use of IR-only products and asserts an infringement claim against Radianse on the basis of the use by Radianse of RF transmissions, Versus is foreclosed from doing so by the Radianse License Agreement.    REDACTED

11

REDACTED

(Versus License Agreement at 1).  As set forth in the

Tessier Affidavit, Radianse does not transmit identification information by means of IR.

Consequently, the owner of the '195 and '791 patents corroborates the argument above that the

scope of the Versus exclusive license is limited to the use of ~~REDACTED~~ frequencies or ~~REDACTED~~

technology only.  The Versus License Agreement cannot be construed to provide an exclusive

license to Versus covering a product that, by the admission of the patent owner, does not infringe

the licensed patents.

*      *      *

12

## CONCLUSION

For the reasons set forth above, Radianse requests that this Court dismiss Versus' action for infringement of the '195 and '791 patents. Versus lacks standing to sue Radianse as to those patents, and this Court therefore lacks jurisdiction under Article III of the Constitution.

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Christian Douglas Wright (#3554)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
(302) 571-6672
jingersoll@ycst.com

*Attorneys for Defendant Radianse, Inc.*

OF COUNSEL:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

DATED:  May 12, 2005

13

## **CERTIFICATE OF SERVICE**

I, Christian Douglas Wright, hereby certify that on May 25, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> George Pazuniak, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE 19801, Esquire

I further certify that on May 25, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Christian Douglas Wright (No. 3554)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
cwright@ycst.com

Attorneys for Radianse, Inc.