IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERSUS TECHNOLOGY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RADIANSE, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 04-1231 (SLR) |

### VERSUS'S OPPOSITION TO RADIANSE'S MOTION TO DISMISS FOR LACK OF STANDING

Plaintiff Versus Technology, Inc. ("Versus") submits this brief in opposition to the motion filed by Defendant Radianse, Inc. ("Radianse") to dismiss, for lack of standing, Versus's infringement claims with respect to U.S. Patents 5,572,195 ("'195 patent") and RE 36,791 ("'791 patent"). (D.I. 55).

### I.    NATURE AND STAGE OF THE PROCEEDING

On September 3, 2004, Versus filed a Complaint against Radianse alleging infringement of four patents owned by or exclusively licensed to Versus. (D.I. 1).

Radianse now moves to dismiss two of the four patents in suit, arguing that Versus lacks standing to sue Radianse for infringement despite Versus's possession of an exclusive license to these two patents. (D.I. 55).

II.  **SUMMARY OF THE ARGUMENT**

Radianse's paper is a disguised summary judgment motion, which does not meet the requisites of such a summary disposition. The motion to dismiss should be denied, because:

- Radianse admits that Versus is an exclusive licensee of the '195 and '791 patents until January 31, 2007, and, therefore, has standing to sue for their infringement;

- Radianse expressly admits that Versus's exclusive rights extend to "products that use infrared technology." (Radianse Opening Brief ("Op. Br."), p.9) (D.I. 56).

- Radianse admittedly uses infrared technology, and, thus, is within the ambit of Versus's exclusive exclusionary rights.

Radianse's arguments make no sense. Radianse asserts that it uses radio frequency in addition to infrared as part of its locating system. That is irrelevant, however, because the addition of radio frequency does not diminish at all the admitted fact that Radianse still uses infrared technology within the scope of the patent claims. Moreover, Versus's exclusive rights in the patents include the right to exclude any products that include infrared technology, even if the product also uses radio-frequency technology.

Radianse's other argument appears to be that it does not infringe the patent claims. But, the well-pleaded allegations of the Complaint charge Radianse with patent infringement, and that is sufficient to withstand a motion to dismiss. Versus can not, and need not, address the specific issues of whether Radianse's location system and method infringe the '195 and '791 patents, because it has had virtually no discovery from Radianse. Infringement will be determined in the same manner as any other patent infringement case, on the basis of the court's claim interpretation and the facts. Radianse has not stated any basis for summary determination that it does not infringe those claims.

### III. STATEMENT OF THE FACTS

#### The PTFM License to Versus

PTFM is the legal owner of the '195 and '791 patents. PTFM granted to Versus an exclusive license under those patents, for the period from January 31, 1997 through January 31, 2007,

> to make, use, and sell articles or products which employ, practice, or make use of any or all intellectual property or proprietary rights to intellectual property, or any related ancillary rights of PTFM or its affiliates applicable to products, articles, or devices ***which make use of infrared frequencies or infrared technology, including, without implied limitation, all: issued or applied for patents***. . . . . (hereinafter the "Licensed Rights" and/or "Assigned Rights").

("PTFM License") (D.I. 56, tab 2, pp. 1-2) (*emphasis added*).

The PTFM License identifies the patents that are included within the exclusive license in "Exhibit C." Included among the patents listed in Exhibit C are the '195 patent and the reissued '791 patent's predecessor, U.S. Patent No. 5,119,104 (issued June 2, 1992). (Exhibit A).

The '791 patent is directed to "electromagnetic transmissions," which include infrared transmissions. (Exhibit B). The '195 patent is expressly and entirely directed to infrared systems and methods. (Exhibit C).

The PTFM License also specifically acknowledges that Versus has the "right to sub-license," and the right to enforce the exclusively licensed patents, with Versus retaining any awards, settlements or damages which may be recovered as a result:

> ***Versus, at its own expense, shall have the right and power (but not the obligation) to institute and prosecute or settle suits in its own name***, or, if required by law, jointly with PTFM, ***for infringement of any patent legally or beneficially owned by PTFM*** or the other parties to this Agreement ***which is included as part of the Licensed Rights and/or Assigned Rights under this Agreement***. PTFM will give Versus such reasonable assistance and cooperation in connection therewith as Versus may reasonably request. ***Versus shall be entitled to***

> *retain any awards, settlements or damages which may be recovered as a result of any such suits.*

(D.I. 56, tab 2, p. 6) (*emphasis added*).

The plain meaning of the above provisions is that PTFM exclusively licensed or assigned to Versus all its rights with respect to any device or method that uses infrared technology, including the exclusive right to assert the '195 and '791 patents against those devices and methods.

Section 1(c) of the PTFM License reserved back to PTFM a right to exploit certain technology, termed Dual Use Technology, for PTFM's non-infrared products. (D.I. 56, tab 2, p. 2). This provision provided PTFM the right to continue to pursue its radio-frequency ("RF") product lines, but does not limit Versus's exclusive rights to any device or method that uses infrared.

### The Freschloc License to Radianse

### Radianse Admits Using Infrared

Radianse concedes in its brief that its locating system uses infrared technology. (Op. Br., p.11). Radianse also admits in its interrogatory responses that it utilizes coded infrared signaling to identify location transmissions. (Exhibit D, p. 7)

## IV. ARGUMENT

### A. Legal Standard

As this Court has previously established, standing in a patent infringement actions is derived from the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281 (1994); see also *Syngenta Seeds, Inc. v. Monsanto Co.*, No. Civ.04-228-SLR, 2005 WL 984362, at *2 (D.Del. March 18, 2005). (Exhibit E). In *Syngenta*, this Court explained the application of standing requirements to the context of a licensed patent as follows:

> The term "patentee" comprises not only the patentee to whom the patent was issued but also the successors in title to the patentee. An exclusive licensee may bring suit in its own name if the exclusive licensee holds all substantial rights in the patent. A grant of all substantial rights in a patent amounts to an assignment--that is, a transfer of title in the patent-- which confers constitutional standing on the assignee to sue another for patent infringement in its own name.

*Id.* at *2 (*quotations and citations omitted*). "The title of the agreement at issue, which uses the term 'license' rather than the term 'assignment,' is not determinative of the nature of the rights transferred under the agreement; actual consideration of the rights transferred is the linchpin of such a determination." *Id.* at *2 (*citations omitted*).

In *Syngenta* this Court further explained that a license with a term that expired before termination of the underlying patent did not deprive the licensee of standing, citing *Prima Tek II, LLC v. A-Roo Co.*, 222 F.3d 1372, 1378 (Fed.Cir.2000). *Syngenta* at *3 ("According to the Federal Circuit, 'that fact alone does not deprive the licensee of standing to maintain a patent infringement suit in its own name.'").

*Syngenta* also recognized that an unlimited right to sublicense is an indication of the transfer of all substantial rights. *Id*. at *4 ("Given that [licensee] has an unlimited right to sublease the patent rights, the restriction on [licensee's] right to assign the entirety of the patent rights is not a severe limitation.") (*citations omitted*).

Additionally, in *Syngenta*, this Court refused to hold that a licensor's retention of title could be construed as a substantial right that would deny standing to a licensee. *Id*. at *4.

### B.  Radianse Misinterprets Versus's Rights

Radianse concedes that Versus is an exclusive licensee of the patents in suit, and that an exclusive licensee, even one covering less than the full term of the patent, has standing to sue for infringement against any party operating without authority in the stated area of exclusivity. (Op. Br., p. 8 (citing *Amgen, Inc. v. Chugia Pharmaceutical Co., Ltd.,* 808 F.Supp. 894, 899 (D. Mass. 1992); *Ortho Pharmaceutical Corp. v. Genetics Institute, Inc.,* 52 F.3d 1026 (Fed. Cir. 1995); and 8 D.Chisum, *Patents* § 21.03[2][c] at 21-483 (2003)).

Nevertheless, Radianse argues that Versus does not have standing to assert the patents in this case because allegedly "Versus's exclusive license . . . is limited only to products that use infrared technology." (Op. Br., p.9). Radianse then attempts to prove that, although it "uses infrared technology," that it actually uses radio frequency, rather than infrared, to determine location. Radianse's argument misinterprets the plain language of the PTFM License and Versus's exclusive rights.

The PTFM License admittedly assigned to Versus all of PTFM's rights with respect to any device or methods that uses infrared technology, including the exclusive right to assert the '195 and '791 patents against those devices and methods. It does not matter whether Radianse also uses RF or even if its devices are dependent on RF. It only matters that Radianse's devices use IR, and, if they do,

Versus can assert its exclusive rights in the licensed patents against that device and method regardless of what RF functions that device may have. The only way that Radianse's devices and methods can avoid Versus's rights under the exclusively licensed patents is not to use any IR at all.

Radianse's attempt to parse Versus's exclusive rights to apply to only those devices and methods which are "IR only" finds no support in the PTFM License or elsewhere. Indeed, Radianse's argument directly contradicts the PTFM License which granted Versus exclusivity to all "products . . . which make use of infrared frequencies or infrared technology," and Radianses's own admission that Versus has exclusive rights to "products that **use** infrared technology." If a product "uses" IR, it is within the scope of Versus's exclusive rights, regardless of whether it also uses other technology. There is no "IR only" restriction in the PTFM License.

Thus, Radianse's motion fails, because it is based on a fundamental misinterpretation of the PTFM License.

### C.   Radianse Distorts § 1(c) of the PTFM License

Radianse's motion fails entirely when it is recognized that Versus's exclusive license under the patents in suit are not limited solely to "IR only" devices. Nevertheless, for completeness, Versus will address Radianse's related argument that its devices and methods somehow fall within the ambit of "Dual Use Technology" which were reserved to PTFM under its exclusive license to Versus. (Op. Br., p.11). Again, Radianse distorts the plain language of the agreement.

The PTFM License at §1(c) states as follows:

> The parties acknowledge and agree that the Licensed Rights and Assigned Rights may
> include certain software, hardware, patents and trade secrets that can be used in both
> infrared and non-infrared based applications. (hereinafter "Dual Use Technology"). The
> parties acknowledge and agree that, subject to the covenants of PTFM and Heller not
> to compete with Versus, any license or transfer of PTFM's rights in the Dual Use

- 6 -

> Technology hereunder shall not impair its rights to exploitation of Dual Use Technology for non-infrared technology based products.

(D.I. 56, tab 2, p. 2).

This Section 1(c) simply permits PTFM to continue to exploit technology which is "RF only." For example, software for locating tags may be used with "IR only," "RF only" or some combination of both or more signals – i.e., it has dual uses. This § 1(c) makes clear that PTFM may continue to use the software for "RF only" systems. It does not limit at all Versus's exclusivity to all "products . . . which make use of infrared frequencies or infrared technology." Devices which "make use" of IR, by definition, are infrared-based and are plainly within Versus's exclusivity and are not within PTFM's limited reservation of rights to exploit RF technology.[1]

### D.    Radianse's Motion Defies the Scheduling Order

Even if Radianse were correct in its misconstruction of Versus's rights under the PTFM License – and Radianse is wrong as a matter of law – its motion to dismiss still requires that the Court construe the patent claims as argued by Radianse and that the Court accept Radianse's allegations as to how Radianse's system functions. As such, Radianse's motion defies the scheduling order to which the parties agreed and the Court entered, and which provides careful structures of presenting claim construction issues and motions for summary judgment.

Versus disagrees with the claim constructions on which Radianse's motion is premised. For example, Radianse argues that "Claims 1, 13, and 18 [of the '195 patent] each requires 'transmitters'

---

1   In addition, the claims of the '195 patent are expressly and entirely directed to infrared systems and methods. For example, claim 1 of the '195 patent is limited to devices comprising "a plurality of <u>infrared sensors</u> for receiving transmitted identifying codes from the <u>infrared transmitters</u>, said plurality of infrared sensors providing signals containing the transmitted identifying codes . . . ." (Exhibit C). Thus, the '195 patent can not be included within any reservation to PTFM, because the claims can only cover

that transmit 'unique identification codes." (Op. Br., p.10). In fact, the word "unique" does not appear in claim 1 of the '195 patent. Further, when properly construed, nothing in the other claims excludes "unique identification codes" from being a composite of IR and RF signals.

Finally, even if Radianse correctly construed the claims, its Motion requires that the Court adopt the allegations of Paul Tessier's Affidavit. But, discovery has barely started, and Versus has already raised with the Court the insufficiency of Radianse's discovery. Versus is not yet in a position to address what is essentially a summary judgment motion of non-infringement. Without burdening the Court with details better suited for later scheduled proceedings, Versus will note the following clear error in Radianse's arguments as an example:

Radianse wrongly states that it "does not employ infrared transmissions or infrared technology to identify ID Tags." (Op. Br., p.10). To the contrary, Radianse admits, in its Answer to Versus Interrogatory No. 3,

---

devices and methods which use IR.

### E.     Radianse's Preposterous Reliance on its Paid License and Witness

It is rather disappointing that counsel would burden the Court with such a document on a motion to dismiss, much less seriously rely on such a paper. It is sufficient to say that the lack of merit of Radianse's motion is vividly demonstrated by its need to pay Versus's assignor to breach his commitments to Versus and provide incompetent conclusions of fact and law.[2]

---

2   The PTFM License states:

> Versus . . . shall have the right and power . . . to institute and prosecute or settle suits . . . for infringement of any patent legally or beneficially owned by PTFM . . . . PTFM will give Versus such reasonable assistance and cooperation in connection therewith as Versus may reasonably request.

(D.I. 56, tab 2, p. 6). Freshloc, as PTFM's successor, has clearly breached its contractual obligations to Versus by failing to "give Versus such reasonable assistance and cooperation in connection [with the patent litigation]," and breached its duty of good-faith and fair dealing by cooperating with Versus's adversary.

## V.  CONCLUSION

In view of the foregoing analysis of the facts and law, Versus respectfully request that the Court deny Radianse's motion to dismiss.

Respectfully Submitted,

DATED: May 26, 2005

s/ James M. Lennon
George Pazuniak (DE #478)
James M. Lennon (DE #4570)
**CONNOLLY, BOVE, LODGE & HUTZ**
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
Telephone:  (302) 658-9141
*Attorney for Plaintiff, Versus Technology, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2005, I electronically filed this VERSUS'S OPPOSITION TO RADIANSE'S MOTION TO DISMISS FOR LACK OF STANDING with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following, who is also **SERVED BY HAND** on this date:

Josy W. Ingersoll (#1088)
jingersoll@ycst.com
YOUNG CONAWAY STARGATT
& TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
*Counsel for Defendant, Radianse, Inc.*

I hereby certify that on this date, I electronically mailed the documents to the following non-registered participants:

Sibley P. Reppert
spr@lahive.com
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400
*Co-Counsel for Defendant, Radianse, Inc.*

DATE: May 26, 2005               s/ James M. Lennon
                                 James M. Lennon (#4570)
                                 **CONNOLLY BOVE LODGE & HUTZ, LLP**
                                 The Nemours Building
                                 1007 North Orange Street
                                 P.O. Box 2207
                                 Wilmington, DE 19899
                                 (302) 888-6271
                                 *Attorney for Plaintiff, Versus Technology, Inc.*

396395