**EXHIBIT E**

Westlaw.

Slip Copy
2005 WL 984362 (D.Del.)
**(Cite as: 2005 WL 984362 (D.Del.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
SYNGENTA SEEDS, INC., Plaintiff,
v.
MONSANTO COMPANY; Dekalb Genetics Corp.;
Dow Agrosciences, LLC; and Mycogen
Plant Science, Inc. and Agrigenetics, Inc. collectively
d/b/a Mycogen Seeds,
Defendants.
No. Civ.04-228-SLR.

March 18, 2005.
David E. Brand, Wilmington, DE, for Plaintiff.

Richard L. Horwitz, Wilmington, DE, for Defendants.

MEMORANDUM ORDER

ROBINSON, J.

*1 At Wilmington this 18th day of March, 2005, having considered defendants' motion to dismiss and the papers submitted in connection therewith;

IT IS ORDERED that said motion to dismiss (D.I.11) is denied, for the reasons that follow:

1. Background. On January 1, 2002, Syngenta Investment Corporation ("Syngenta Investment") entered into an inter-company licensing agreement with plaintiff Syngenta Seeds, Inc. ("the 2002 Agreement"). (D.I.12, ex. 3) Pursuant to the 2002 Agreement, Syngenta Investment made plaintiff its exclusive licensee with respect to certain United States patents and patent applications, as well as to "all continuations, continuations-in-part, divisions, provisionals, reissues and reexaminations of any of the foregoing, and any additional proprietary rights hereafter owned or controlled by [Syngenta Investment] pursuant to Section 5(a) of this Agreement." (D.I. 16 at B002) One of the patents covered by the 2002 Agreement is U.S. Patent No. 6,320,100 ("the '100 patent"). (D.I. 12 at 5)

2. On May 30, 2002, Novartis Corporation assigned its rights to U.S. Patent Application No. 09/988,462 ("the '462 application") to Syngenta Investment. (D.I.12, ex. 8) On April 13, 2004, the '462 application issued as U.S. Patent No. 6,720,488 ("the '488 patent"). ('488 patent, col. 1)

3. The same day the '488 patent issued, Syngenta Investment and plaintiff amended the 2002 Agreement to add the '488 patent to the list of patents licensed to plaintiff ("the 2004 Amendment"). (D.I. 16 at B011-B012) Under the 2004 Amendment, Syngenta Investment granted the following rights in the '488 patent to plaintiff:

> [The] exclusive license to use any and all of the Proprietary Rights within the Territory, including without limitation the right to make, have made, import, export, use, offer to sell and sell any Products using or incorporating the Proprietary Rights with the Territory.
> ....
> [T]he right to grant sublicenses without the prior written consent of [Syngenta Investment].
> ....
> [I]t shall be the sole right and responsibility of [plaintiff] to prosecute, maintain and protect from infringement all of its rights, including the taking of appropriate legal action and action with respect to administrative agencies necessary to obtain, improve or perfect such rights in, to or under any of the Proprietary Rights in the name of Licensor, Licensee, or jointly, as may be reasonably required by law. This specifically includes, but is not limited to, the sole right of [plaintiff] to commence and prosecute in its own name patent infringement actions against third parties with respect to the Proprietary Rights.

(D.I. 16 at B002, B004, B011, B012)

4. Also on April 13, 2004, plaintiff filed suit against defendants Monsanto Company, Dekalb Genetics Corp., Pioneer Hi-Bred International, [FN1] Dow Agrosciences, Mycogen Plant Science, and Agrigenetics, alleging infringement of the '488 patent. (D.I.1)

   FN1. Pioneer Hi-Bred International was subsequently dismissed as a defendant.

*2 5. Subsequently, defendants filed a motion to dismiss plaintiff's complaint for lack of standing under Fed.R.Civ.P. 12(b)(1). (D.I.11)

6. Standard of Review. Standing in a patent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2005 WL 984362 (D.Del.)
(Cite as: 2005 WL 984362 (D.Del.))

Page 2

infringement case is derived from the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281 (1994). "The question of standing to sue is a jurisdictional one." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed.Cir.1995). Standing is a "threshold issue in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Federal courts are under an independent obligation to examine their own jurisdiction, and standing "is perhaps the most important of [the jurisdictional] doctrines." *FW/PBS Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).

7. It is well settled that standing cannot be "inferred argumentatively from averments in the pleadings," *Grace v. Am. Cent. Ins. Co.*, 109 U.S. 278, 284, 3 S.Ct. 207, 27 L.Ed. 932 (1883), but rather "must affirmatively appear in the record," *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884). Additionally, the party who seeks the exercise of jurisdiction in its favor has the burden of clearly alleging facts demonstrating that it is a proper party to invoke judicial resolution of the dispute. *Id.* In the present case, the court must determine whether there is affirmative evidence in the record indicating that plaintiff has standing to sue defendants for patent infringement.

8. Analysis. Only a "patentee" can bring an action for patent infringement. 35 U.S.C. § 281 (1994); *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1483 (Fed.Cir.1998). The term "patentee" comprises "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). An exclusive licensee may bring suit in its own name if the exclusive licensee holds "all substantial rights" in the patent. *Textile Prods.*, 134 F.3d at 1484; *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875 (Fed.Cir.1991). "A grant of all substantial rights in a patent amounts to an assignment--that is, a transfer of title in the patent-- which confers constitutional standing on the assignee to sue another for patent infringement in its own name." *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345 (Fed.Cir.2001) (citations omitted). "An exclusive licensee that does not have all substantial rights has standing to sue third parties only as a co-plaintiff with the patentee." *Textile Prods.*, 134 F.3d at 1484. "Without the patentee as plaintiff, the remedies provided in the patent statute are unavailable except in extraordinary circumstances 'as where the patentee is the infringer, and cannot sue himself.' " *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030 (Fed.Cir.1995) (quoting *Waterman v. Mackenzie*, 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923 (1891)).

*3 Conversely, a nonexclusive license or "bare" license--a covenant by the patent owner not to sue the licensee for making, using, or selling the patented invention and under which the patent owner reserves the right to grant similar licenses to other entities--confers no constitutional standing on the licensee under the Patent Act to bring suit or even to join a suit with patentee because a nonexclusive (or "bare") licensee suffers no legal injury from infringement.... An exclusive licensee receives more substantial rights in a patent than a nonexclusive licensee, but receives fewer rights than an assignee of all substantial patent rights.
*Intellectual Prop. Dev.*, 248 F.3d at 1345 (citations omitted).

9. To determine whether an agreement transfers all or fewer than all substantial patent rights, a court must ascertain the intention of the parties and examine the substance of what was granted by the licensing agreement. *See Vaupel*, 944 F.2d at 874. The party asserting that it has all substantial rights in the patent "must produce ... written instrument[s] documenting the transfer of proprietary rights." *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed.Cir.2000). "The title of the agreement at issue, which uses the term 'license' rather than the term 'assignment,' is not determinative of the nature of the rights transferred under the agreement; actual consideration of the rights transferred is the linchpin of such a determination." *Intellectual Prop. Dev.*, 248 F.3d at 1344 (citing *Speedplay*, 211 F.3d at 1250).

10. At the time of the 2002 Agreement, the '462 Application was owned by Novartis Corporation. (D.I.12, ex. 7, 8) As a result, Syngenta Investment could not have transferred all substantial rights to the '462 application or the '488 patent to plaintiff through the 2002 Agreement.

11. The 2004 Amendment transferred all substantial rights to the '488 patent from Syngenta Investment to plaintiff as of April 13, 2004. Under the 2004 Amendment, plaintiff has: (1) an exclusive license to make, have made, import, export, use, offer to sell and sell any products covered under the '488 patent; (2) the right to grant sublicenses without prior written consent of Syngenta Investment; and (3) the sole right to commence patent infringement actions against third parties with respect to the '488 patent.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2005 WL 984362 (D.Del.)
(Cite as: 2005 WL 984362 (D.Del.))

Page 3

(D.I. 13 at B002, B004, B011-B012) The 2004 Amendment does not purport to make the transfer of these substantial rights effective as of January 1, 2002 (the date of the 2002 Agreement). Rather, the 2004 Amendment serves to update the 2002 Agreement as of April 13, 2004. The fact that Syngenta Investment did not have rights to the '488 patent in 2002 is irrelevant to the issue of standing as of the commencement of this litigation. [FN2]

> FN2. If subsequently discovered evidence indicates that the 2004 Amendment was executed after the commencement of this lawsuit, defendants may renew this motion.

12. Defendants argue that Syngenta Investment retained substantial ownership rights to the '488 patent under the 2002 Agreement and the 2004 Amendment. (D.I. 12 at 13) First, defendants argue that Syngenta Investment retained a substantial ownership right because it could terminate the 2002 Agreement prior to expiration of the '488 patent. [FN3] In *Prima Tek II, LLC v. A-Roo Co.*, 222 F.3d 1372, 1378 (Fed.Cir.2000), the Federal Circuit held that a license with an initial term that expired before termination of the underlying patent, followed by successive renewable one-year periods, did not deprive the licensee of standing. According to the Federal Circuit, "that fact alone does not deprive the licensee of standing to maintain a patent infringement suit in its own name." *Id.* The Federal Circuit eventually found a lack of standing because the licensee did not have the right to exclude others from making, using, or selling products covered by the licensed patent. Syngenta Investment did not impose this limitation on plaintiff's rights under the '488 patent. Thus, *Prima Tek II* indicates that Syngenta Investment's right to terminate the license does not amount to a substantial right.

> FN3. Section 8(a) of the 2002 Agreement provides that the agreement is effective until December 31, 2006, and, after that date, may be terminated by either party with not less than ninety days notice. The '488 patent, however, does not expire until October 4, 2011, nearly five years later. Accordingly, Syngenta Investment could exercise its rights under Section 8(a) and hold all rights to the '488 patent.

*4 13. Defendants also argue that, because plaintiff must pay royalties to Syngenta Investment, plaintiff does not have all substantial rights. (D.I. 12 at 15) However, retention of a portion of "sales, royalties, or settlements, or other sources" by the licensor does not limit the transfer of substantial rights. *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed.Cir.1990) (citing *Rude v. Westcott*, 130 U.S. 152, 162-63, 9 S.Ct. 463, 32 L.Ed. 888 (1889)).

14. Defendants further contend that, because plaintiff cannot assign the rights it obtained under the 2002 Agreement without Syngenta Investment's consent, Syngenta Investment retained a substantial right, thus depriving plaintiff of standing. (D.I. 12 at 16) Courts reviewing the issue have held otherwise. "Given that [licensee] has an unlimited right to sublease the patent rights, the restriction on [licensee's] right to assign the entirety of the patent rights is not a severe limitation." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 40 U.S.P.Q.2d 1286, 1290 (N.D.Cal.1996); *see also Aluminum Co. of Am. v. Norton Co., Inc.*, 27 U.S.P.Q.2d 1317, 1318 (W.D.Pa.1993) (finding standing even though "the agreement cannot be transferred or assigned by [the licensee] without the written consent of [the licensor]."). In this case, plaintiff has the unlimited right to sublease. Consequently, Syngenta Investment's restriction on plaintiff's right to assign does not vitiate plaintiff's standing.

15. Finally, defendants argue that Syngenta Investment's retention of title to the '488 patent is an important factor demonstrating that plaintiff did not receive all substantial rights. (D.I. 12 at 16) Defendants only cite *Calgon Corp. v. Nalco Chem. Co.*, 726 F.Supp. 983, 13 U.S.P.Q.2d 1529 (D.Del.1989), to support this argument. (*Id.*) However, the *Calgon* court did not find that Kurita's retention of title constituted a substantial right. Rather, it was Kurita's failure to grant an exclusive right to make, have made, sell, or use products covered by the licensed patent which constituted retention of substantial rights. 726 F.Supp. at 986. Consequently, *Calgon* does not establish that retention of title is a substantial right denying standing to a licensee.

16. Since plaintiff was given all substantial rights under the '488 patent, Syngenta Investment is not an indispensable party. Furthermore, defendants' concern about facing multiple infringement suits is moot in light of Syngenta Investment's undertaking to be bound by rulings in this litigation and to not relitigate any issues arising in this dispute. (D.I. 16 at B013-B016)

17. For the reasons set forth above the court denies

Slip Copy
2005 WL 984362 (D.Del.)
**(Cite as: 2005 WL 984362 (D.Del.))**

Page 4

defendants' motion to dismiss (D.I.11) without prejudice.

2005 WL 984362 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Date of Printing: MAY 17, 2005

## KEYCITE

**Syngenta Seeds, Inc. v. Monsanto Co., 2005 WL 984362 (D.Del., Mar 18, 2005) (NO. CIV.04-228-SLR)**

History

=> 1 Syngenta Seeds, Inc. v. Monsanto Co., 2005 WL 984362 (D.Del. Mar 18, 2005) (NO. CIV.04-228-SLR)

### Citing References

No references were found within the scope of KeyCite's citing case coverage.

© Copyright 2005 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.