IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSUS TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1231 (SLR) |
| | ) | |
| RADIANSE, INC. | ) | CONFIDENTIAL - |
| | ) | FILED UNDER SEAL |
| Defendant. | ) | |

**REPLY IN SUPPORT OF RADIANSE'S MOTION TO DISMISS
FOR LACK OF STANDING AS TO VERSUS' CLAIM OF INFRINGEMENT
OF U.S. PATENTS 5,572,195 AND RE36,791 OR, WITH LEAVE OF COURT,
FOR PARTIAL SUMMARY JUDGMENT OF DISMISSAL**

Pursuant to Local Rule 7.1.2(a)(3), Radianse replies to Versus's Opposition to Radianse's Motion to Dismiss for Lack of Standing.

1. **Radianse Does Not Admit That Versus Has Standing to Sue for Infringement of the '195 and '791 Patents.**

Versus completely distorts Radianse's motion and brief in its opening argument, claiming that "Radianse admits that Versus is an exclusive license of the '195 and '1791 patents until January 31, 2007, and, therefore has standing to sue for their infringement." (Opp. at 2). To the contrary, Radianse makes no such admission in its moving papers. The present motion is directed to the issue of whether Versus lacks standing because the exclusive field of use under Versus's license does not cover Radianse's accused product. The present motion does not concern a second reason why Versus lacks standing, as stated in footnote 1 to Radianse's motion, namely that, "Versus also lacks standing to sue for infringement of the '195 and '791 patents because the License Agreement under which Versus sues grants exclusive rights only for a

limited ten-year period and, thus, Versus does not possess all substantial rights to those patents and cannot maintain this action in its own name."

The legal authorities cited and argued by Versus, namely *Syngenta Seeds, Inc. v. Monsanto Co.*, No. CRV.04-228-SLR, 2005 W.L. at 984362 (D.Del. March 18, 2005), and *Prima Tek II, LLC v. A-Roo Co.*, 222 F.3d 1372 (Fed. Cir. 2000) have no bearing whatsoever on the present motion, but rather concern the question as to whether Versus lacks standing for the reason articulated in Radianse's footnote. Radianse did not address this second reason why Versus lacks standing in the present motion, because it understood that Versus was going to refile under Rule 19 the motion it previously filed under Rule 15 to amend its Complaint to add Freshloc as an involuntary plaintiff, and reserved its right to oppose that motion when it was filed. It now appears that Versus has abandoned that strategy, and accordingly Radianse will address this second ground for lack of standing in a separate motion. In its separate motion, Radianse will explain that *Syngenta* and *Prima Tek II* are both inapplicable to the facts of this case, in which the Versus license will terminate at a date certain (*i.e.*, a "hard" termination date) before the expiration of the patents being licensed as opposed to the "soft" license termination dates involved in those cases. In any event, Radianse certainly does not admit that Versus possesses all substantial rights in the licensed patents and thus standing to sue

    2.    **Versus Does Not Possess An Exclusive License Covering Products Employing "Dual Use Technology".**

Versus errs when it argues that, "[i]f a product 'uses' IR, it is within the scope of Versus's exclusive rights, regardless of whether it uses other technology." (Opp. at 6). If this reading were correct, Section 1(c) would not have been included in the Versus License Agreement. Contrary to Versus, there is no need for Section 1(c)[1] to "permit[] PTFM to exploit

---

[1] Section 1(c) provides as follows:

REDACTED

- 2 -

**REDACTED -- Public Version filed June 15, 2005**

technology which is 'RF only,' " (Opp. at 7), because such a product would in any event be outside the scope of the license grant to Versus under Section 1(a). Rather, the evident purpose of Section 1(c) is to <u>narrow</u> the license grant that is broadly stated in Section 1(a). Section 1(c) accomplishes this by defining "Dual Use Technology" to mean **REDACTED REDACTED** and then stating that PTFM has the right to **REDACTED REDACTED**

Section 1(c) requires an analysis of the "**REDACTED**" for which "**REDACTED**" is "**REDACTED**" in "products." Section 1(c) addresses the situation where the "**REDACTED**" can be performed by " **REDACTED** . Taking the example of the application of identifying an object in an indoor positioning system, the identification of the object is by means of a "tag" or device placed on the object to be located that transmits an identification code. The transmitter could accomplish this result by transmitting an identification code using RF or IR. Under Section 1(c), a "**REDACTED**" that uses RF to perform this "**REDACTED**" (such as Radianse's) is outside the exclusive license granted to Versus under Section 1(a). This same conclusion applies even if the product also uses IR to accomplish some other application, such as locating the object that was identified by means of RF. Any other reading of Section 1(c) renders it meaningless.

Taking the analysis to a further level, an "**REDACTED**" could also be performed by the use of both IR and RF transmissions. For example, as in the Radianse system, the object could be located by means of the sequential transmission of RF and IR from transmitters on the "tag"

---

**REDACTED**

WP3:1117719.1                                                                                          63582.1001

placed on the object to be located. In this situation, Section 1(c) likewise provides that PTFM has the right to exploit such technology and thus that it is outside the scope of the Versus exclusive license. Because it uses both RF and IR for a specific application, the " REDACTED " is " REDACTED " " REDACTED " as that term is defined in Section 1(c). This is particularly the case as to the accused Radianse Indoor Positioning System, which is a "non-infrared technology based product" because it <u>relies</u> on RF information but not IR information for tag location, and only incidentally employs IR to provide supplementary location information, if it is available. (Tessier Affidavit, ¶s 15, 16).

Section 1(c) makes it clear that PTFM reserved its rights within the field of use of Dual Use Technology. Versus lacks exclusivity – and standing to sue – as to "REDACTED " such as Radianse's accused Indoor Positioning System that exploit " REDACTED " for <u>any</u> of their applications. Likewise, Versus lacks standing to sue as to any Dual Use Technology patents.

In order for Section 1(c) to have any meaning at all it has to be read to exclude Dual Use Technology from the exclusive license granted to Versus, and thus to limit the scope that exclusive license to "IR only." If a product uses RF for an application that could also be accomplished by use of IR, or if it uses both IR and RF for a single application, it necessarily exploits REDACTED and is outside Versus's field of exclusivity.[2]

---

**REDACTED**

[2] Versus's licensor, the patentee of the '195 and '791 patents, corroborates this conclusion, as stated in the recital of the Radianse License Agreement that,

**REDACTED**

3.  **Under the Versus License Agreement, Versus Possesses Exclusive Rights Only as to "Infrared Based" Products**

Versus also disregards the language of the Versus License Agreement making it clear that the exclusive license granted therein was limited to " REDACTED " products. In numerous places, Versus' License Agreement expresses that restriction. In Recital B, PTFM states that it " REDACTED " and to " REDACTED REDACTED " and " REDACTED ." to Versus. Similarly, Versus states that it desires to expand its " REDACTED ." This repeated use of the word " REDACTED " supports a reading that the exclusive license is to make, use or sell products employing intellectual property that is "IR only." A product (like Radianse's) that relies on RF for "tag" identification" is a " REDACTED REDACTED under Section 1(c) rather than an " REDACTED " product. Likewise, a product (like Radianse's) that relies on RF for "tag" location, and makes only supplemental use of IR for that application, is " REDACTED " on RF and thus outside the Versus exclusive license.

4.  **There Is No Need To Postpone Action On Radianse's Motion**

Contrary to Versus's argument, the present motion is completely unrelated to claim construction of the patents in suit. In addition, this motion is not "essentially a summary judgment motion of non-infringement." (Opp. at 8). The only legal issue before the Court is the interpretation of the Versus License Agreement to determine the scope of Versus's limited area of exclusivity.

While Radianse supports its motion with the Tessier Affidavit describing the Radianse system, Versus does not raise a genuine issue or argue that it needs to conduct discovery. Consequently, this motion is ripe for decision on the current record.

        Respectfully submitted,

        RADIANSE, INC.

        By its attorneys,

        Josy W. Ingersoll (#1088)
        John W. Shaw (#3362)
        YOUNG CONAWAY STARGATT &
          TAYLOR, LLP
        The Brandywine Building
        1000 West Street, 17th Floor
        P. O. Box 391
        Wilmington, Delaware 19899-0391
        (302) 571-6672
        jingersoll@ycst.com

        Of Counsel:

        Sibley P. Reppert
        William A. Scofield, Jr.
        LAHIVE & COCKFIELD
        28 State Street
        Boston, MA 02109-1784
        (617) 227-7400

Dated: June 2, 2005

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, hereby certify that on June 2, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> George Pazuniak, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE 19801

I further certify that on June 2, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for Radianse, Inc.