**REDACTED -- PUBLIC VERSION, filed June 27, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSUS TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-1231 (SLR) |
| | ) | |
| RADIANSE, INC. | ) | **CONFIDENTIAL –** |
| | ) | **FILED UNDER SEAL** |
| Defendant. | ) | |

## OPENING BRIEF IN SUPPORT OF RADIANSE'S
## MOTION TO DISMISS FOR LACK OF STANDING

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Glenn C. Mandalas (#4432)
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6672
jingersoll@ycst.com

Of Counsel:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

*Attorneys for Defendant, Radianse, Inc.*

REDACTED -- PUBLIC VERSION, filed June 27, 2005

## TABLE OF CONTENTS

**PAGE**

NATURE AND STAGE OF THE PROCEEDING ............................................................. 1

SUMMARY OF THE ARGUMENT .................................................................................. 2

STATEMENT OF THE FACTS ......................................................................................... 2

ARGUMENT....................................................................................................................... 4

A.    Versus Does Not Have "All Substantial Rights" To The Patents, Because Versus
      Is An Exclusive Licensee For Only A Portion Of The Patent Terms........................ 4

B.    The Right to Sue Provision In The Versus License Agreement Does Not Provide
      Versus With Standing To Sue For Infringement ........................................................ 7

CONCLUSION.................................................................................................................... 8

REDACTED -- PUBLIC VERSION, filed June 27, 2005

## TABLE OF AUTHORITIES

### Cases

*Independent Wireless Tel. Co. v. Radio Corp. of America*, 269 U.S. 459, 473 (1926).

*Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1018 (Fed. Cir. 2001).

*Moore U.S.A., Inc. v. Standard Register Co.*, 60 F.Supp. 2d 104 (W.D.N.Y., 1999).

*Ortho Pharm. Corp. v. Genetics Institute, Inc.*, 56 F.3d 1026, 1032 (Fed. Cir. 1995).

*Prima Tek II, LL.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000).

*Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995)

*Syngenta Seeds, Inc. v. Monsanto Company*, No. Civ.04-228-SLR (D.Del. March 18, 2005).

*Textile Productions, Inc. v. Mead Corporation*, 134 F.3d 1481, 1484 (Fed. Cir. 1998).

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 994 F.2d 870 (Fed. Cir. 1991).

### Statutes

35 U.S.C. § 100(d).

35 U.S.C. § 261.

35 U.S.C. § 281.

## NATURE AND STAGE OF THE PROCEEDING

Versus commenced this action by filing a complaint alleging that Radianse infringes four patents, including United States Patents 5,572,195 (the " '195 patent") and RE36,791 (the " '791 patent"). (Complaint, ¶¶ 7-14).

The Complaint further alleges that, "Versus is the exclusive licensee of the '195 and '791 Patents, with the right to bring suit thereon." (Complaint, ¶13). T

The owner of the '195 and '791 patents, Freshloc Technologies, Inc. ("Freshloc"), is not a party to this action, and has never asserted a claim against Radianse for infringement of the patents.

On March 25, 2005, Versus moved to amend its initial Complaint to add Freshloc as an involuntary plaintiff pursuant to Rule 15 of the Federal Rules of Civil Procedure.

On April 13, 2005, Radianse responded to Versus' motion by asserting that the motion was improperly brought under Rule 15, and could not be brought under Rule 19, absent additional facts that had not been established.

On April 15, 2005, by agreement of the parties, Versus filed a Stipulation Withdrawing Motion for Leave and Opposition Brief Regarding Proposed Amendment to Complaint with leave to re-file.

On May 12, 2005, Radianse filed a motion to dismiss or for partial summary judgment for lack of standing as to the '195 and '791 patents, on the ground that Versus' license under the patents is "exclusive" only for a limited field, and that Radianse's accused indoor positioning systems do not fall within that limited field. In that motion, Radianse specifically reserved the right to move for dismissal for lack of standing on the additional ground that Versus' license is "exclusive" only for a limited ten-year period, and, therefore, Versus does not possess "all

substantial rights" to the patents and cannot maintain this action on its own without the patent owner.

By e-mail correspondence dated June 14, 2005, attached hereto as Exhibit A, Versus' counsel informed Radianse that Versus does not intend to seek to add Freshloc as a party to this action.

## SUMMARY OF THE ARGUMENT

Versus lacks standing to sue Radianse for infringement of the '195 and '791 Patents without joining the patent owner, Freshloc, because Versus does not possess all substantial rights to those patents. Versus' "exclusive license" from Freshloc is only for a limited field, and is expressly limited to a ten-year period. Thereafter, on January 31, 2007, the "exclusive" Versus' license expires automatically and irrevocably, years before the end of the term of the patents. Not only does Freshloc presently continue to hold rights in the patents outside the limited field licensed to Versus, but Freshloc will also recover rights within the field exclusively licensed to Versus upon the expiration of Versus' ten year term. It is undisputed that, as Radianse previously apprised the Court, Freshloc has granted Radianse a non-exclusive license under the '195 and '791 patents for the same field of use retained by the patentee, including the field that will revert to Freshloc after January 31, 2007. These facts demonstrate clearly that Versus does not possess "all substantial rights" under the patents. Consequently, Versus lacks standing to maintain this case, and this Court lacks jurisdiction.

## STATEMENT OF FACTS

1.    In this action, Versus purports to bring suit against Radianse for infringement of the '195 and '791 patents pursuant to the provisions of the Versus License Agreement. (Complaint, ¶13).

- 2 -

2.     Under the Versus License Agreement (attached hereto as Exhibit B), Versus is a licensee of the '195 and '791 patents. (Plaintiff's Response to Radianse's Request for Admission No. 2).

3.     Subsequent to the execution of the Versus License Agreement, title to the '195 and '791 patents was assigned by PTFM to Freshloc Technologies, Inc. ("Freshloc"). (Plaintiff's Response to Radianse's Request for Admission No. 4).

4.     The '195 and '791 patents are currently owned by Freshloc. (Plaintiff's Response to Radianse's Request for Admission No. 4).

5.     The '195 patent expires on August 1, 2014, and the '791 patent expires on May 4, 2010.

6.     Under the Versus License Agreement, Versus' exclusive license for a limited and defined field[1] terminates automatically and irrevocably ten years after the effective date of the Agreement, i.e., on January 31, 2007. The Agreement contains no provision requiring either party to take any action in order for termination to take place. In addition, it does not contain any provision under which the term of Versus' exclusive license can be extended beyond January 31, 2007. (Versus License Agreement, Section 1(b), at 2).

7.     The Versus License Agreement will terminate prior to the expiration of the '195 and '791 Patents. (Versus License Agreement, Section 1(b), at 2).

8.     On April 22, 2005, Freshloc, the present owner of the patents, granted Radianse a license under the '195 and '791 patents (Radianse License Agreement, attached hereto as Exhibit C). Under the Radianse License Agreement, Freshloc granted Radianse a license to the same "IR only" field of use previously granted to Versus, effective as of the January 31, 2007, the date

---

[1] The field of use of the Versus License is the subject of Radianse's pending motion to dismiss and is fully discussed in Radianse's motion papers regarding that motion.

- 3 -

of termination of the Versus exclusive license to that field, and as to all other fields of use

effective immediately.

## ARGUMENT

A.   **Versus Does Not Have "All Substantial Rights" To The Patents, Because Versus Is An Exclusive Licensee For Only A Portion Of The Patent Terms**

In a patent action, the question of standing is a jurisdictional one. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995). Standing in a patent infringement case is derived from the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." See 35 U.S.C. § 281 (1994); *Syngenta Seeds, Inc. v. Monsanto Company*, No. Civ.04-228-SLR (D.Del. March 18, 2005).

Only a patentee may bring an action for patent infringement. *Textile Productions, Inc. v. Mead Corporation*, 134 F.3d 1481, 1484 (Fed. Cir. 1998). A "patentee" is defined by the patent statute as the party to whom the patent issued, or any successors in title to the patentee. 35 U.S.C. § 100(d). The general rule articulated by the Supreme Court in *Independent Wireless Tel. Co. v. Radio Corp. of America*, 269 U.S. 459, 473 (1926), is that the patentee should be joined, either voluntarily or involuntarily, in any infringement suit brought by an exclusive licensee. *See Prima Tek II, LL.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000). The Federal Circuit recognizes an exception to this general rule: "where the patentee makes an assignment of all substantial rights under the patent, the assignee may be deemed the effective 'patentee' under 35 U.S.C. § 281 and thus may have standing to maintain an infringement suit in his own name." *Id.*

In determining whether a license agreement has conveyed "all substantial rights" in a patent, the courts ascertain the intention of the parties and examine the substance of what was granted. *Prima Tek II*, 222 F.3d at 1378. Implicit in this analysis is an evaluation of the rights

- 4 -

retained by the grantor. *Id.* "The use of the word 'exclusive' is not controlling; what matters is the substance of the arrangement." *Textile Productions*, 134 F.3d at 1484 (citing *Ortho Pharm. Corp. v. Genetics Institute, Inc.*, 56 F.3d 1026, 1032 (Fed. Cir. 1995)).

Under the reasoning of the Federal Circuit in *Prima Tek II*, a license agreement that vests the patent owner with a contingent reversionary right in the licensed patents, such as the right of the patentee to obtain all rights if it chooses not to renew the license, must be distinguished from a situation – like that in the present case – where the license agreement specifies a non-contingent, or "hard," termination date beyond which the license cannot be renewed. *Prima Tek II*, 222 F.3d at 1378. In the case of a contingent license termination provision such as that in *Prima Tek II*, it is possible that the licensee may continue to enjoy his licensed rights for the full life of the patent, and thus may be held to have "all substantial rights" to the patent. [2] Where, on the other hand, the exclusive license terminates before the end of the patent term, it is <u>impossible</u> for the licensee to possess "all substantial rights" under the patent, one of which is the right to enforce the patent for its full term.

The district court in *Moore U.S.A., Inc. v. Standard Register Co.*, 60 F.Supp. 2d 104 (W.D.N.Y., 1999) confronted facts that are similar to those in the present suit. The license agreement in *Moore* granted an "exclusive license," namely, a "sole and exclusive license in the United States to use, sell, offer for sale, make and import anything within the scope of the '128 patent," including the right to sue for infringement, that was limited to a set term, *i.e.*, only for "five years and not for the life of the patent." *Id.* The district court held that where there is a specified or "hard" termination date for the exclusive license, the exclusive licensee acquired less than "all substantial rights" in the patent, and did not have standing to sue for infringement

---

[2] This Court addressed a similar contingent termination provision in *Syngenta Seeds, Inc. v. Monsanto Company*, No. Civ.04-228-SLR (D.Del. March 18, 2005).

without the patent owner. *Id.* at 110. The *Moore* Court distinguished the potential reversionary interest in *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.,* 994 F.2d 870 (Fed. Cir. 1991), because it was triggered only in the case of bankruptcy, which might never occur. *Id.*

In deciding *Prima Tek II*, the Federal Circuit made it clear that the facts in *Prima Tek II* (involving a renewable license) must be distinguished from the "hard termination" case of *Moore*:

> Significantly, the agreement does not specify a "hard" termination date beyond which the license cannot be renewed, cf. *Moore U.S.A. Inc. v. Standard Register Co.*, 60 F.Supp. 2d 104, 109-10...(W.D.N.Y. 1999) (infringement suit brought be exclusive licensee for finite term of five years required joinder of patentee), and we express no opinion as to the effect of such a provision on a licensee's standing to sue.

222 F.3d at 1378. Consequently, *Prima Tek II* does not support the position that Versus possesses all substantial rights under the patents and need not join Freshloc. To the contrary, this case falls under the fact pattern of *Moore,* because the Versus license agreement contains a "hard" termination date, after which Versus will become only a non-exclusive licensee in a limited field.

Versus does not possess "all substantial rights" in the '195 and '791 patents and thus, without joining the patent owner, lacks standing to bring the present action. *Syngenta Seeds, Inc. v. Monsanto Company*, No. Civ.04-228-SLR (D.Del. March 18, 2005). This conclusion is underscored by the fact that the patent owner, Freshloc, has granted a license to Radianse, including a license commencing January 31, 2007, for the same field as the Versus exclusive license which will expire. How can Versus have "all substantial rights" under the patents, if the patentee has retained rights and has licensed those rights to Radianse under the same patents? Clearly, the answer is that Versus does not possess all substantial rights, and lacks standing to maintain this action. Consequently, this Court lacks jurisdiction.

- 6 -

**B.    The Right to Sue Provision In The Versus License Agreement Does Not Provide Versus With Standing To Sue for Infringement**

The right to sue provision in the Versus License Agreement does not confer standing on Versus, because standing depends on the plaintiff's proprietary interest in the patent, not a contractual arrangement.  Standing to bring suit under 35 U.S.C. §§ 261 and 281 of the Patent Act may not be given by contract, for only a patentee or successors have the authority to sue for infringement.  *See Ortho*, 52 F.3d 1034 ("we conclude that the right to sue clause has no effect upon this case…a contract cannot change the statutory requirement for the suit to be brought by the 'patentee'").  Similarly, as the *Prima Tek II* Court explained, "[s]tanding to sue for infringement depends entirely on the putative plaintiff's proprietary interest in the patent, not on any contractual arrangements among the parties who may sue and who may be bound by judgments. . . . A contract cannot change the statutory requirement for suit to be brought by the 'patentee.'" *Prima Tek,*  222 F.3d at 1381.  "[T]he issue of whether an exclusive licensee has sufficient rights in a patent to bring suit in its own name is jurisdictional . . . ," *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1018 (Fed. Cir. 2001).  "The presence of the owner of the patent as a party is indispensable . . . to give jurisdiction under the patent laws . . . ," *Id.*, quoting *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. at 468.

## CONCLUSION

Radianse requests that the Court dismiss this action for lack of jurisdiction as to Versus'
complaint for infringement of the '195 and '791 patents, because Versus does not hold all
substantial rights to those licensed patents and therefore lacks standing to sue for patent
infringement in its own name.

Respectfully submitted,

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Glenn C. Mandalas (#4432)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6672
jingersoll@ycst.com

Of Counsel:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

*Attorneys for Defendant Radianse, Inc.*

- 8 -

**REDACTED -- PUBLIC VERSION, filed June 27, 2005**

# EXHIBIT A

| | |
|---|---|
| **From:** | "George Pazuniak" <GPazuniak@cblh.com> |
| **To:** | "Sibley Reppert" <spr@lahive.com> |
| **Date:** | 6/14/0512:04PM |
| **Subject:** | RE: Motion to add involuntary plaintiff |

Dear Sib,

In view of the current changed circumstances, we will not add Freshloc.

George

—Original Message—
From: Sibley Reppert [mailto:spr@lahive.com]
Sent: Tuesday, June 14, 2005 12:00 PM
To: George Pazuniak; James M. Lennon
Subject: Motion to add involuntary plaintiff

George and Jim:

Please let me know whether you are going to move under Rule 19 to add
Freshloc as an involuntary plaintiff.   I got the impression from your
most recent filing (opposing our motion to dismiss) that you are not
going to do so.

Thanks,

Sib

CC:        "James M. Lennon" <JLennon@cblh.com>

**REDACTED -- PUBLIC VERSION, filed June 27, 2005**

# EXHIBIT B

REDACTED -- PUBLIC VERSION, filed June 27, 2005

# REDACTED

**REDACTED -- PUBLIC VERSION, filed June 27, 2005**

# EXHIBIT C

REDACTED -- PUBLIC VERSION, filed June 27, 2005

# REDACTED

REDACTED -- PUBLIC VERSION, filed June 27, 2005

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas, hereby certify that on June 22, 2005, I caused copies of the foregoing document to be served upon the following counsel of record in the manner indicated:

### BY HAND DELIVERY

George Pazuniak, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801


YOUNG CONAWAY STARGATT & TAYLOR, LLP


Josy W. Ingersoll (No. 1088)
Glenn C. Mandalas (No. 4432)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
gmandalas@ycst.com

Attorneys for Radianse, Inc.