**EXHIBIT B**

REDACTED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERSUS TECHNOLOGY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RADIANSE, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 04-1231 (SLR)<br><br>CONFIDENTIAL<br>FILED UNDER SEAL |

### DECLARATION OF GARY T. GAISSER

I, Gary T. Gaisser, hereby declare under penalty of perjury that the facts set forth herein are true and correct, and, if called as a witness, I could and would testify competently as I set out below:

1. I am the chief executive officer of the Plaintiff, Versus Technology, Inc. ("Versus"). I am also a member of the board of directors, during which I often act as chairman (the company does not have an individual designated as a chairman of the board). I believe that I am also the largest shareholder of the company.

2. Versus is a relatively small high-technology company, founded in 1988, and has been focused on the development and manufacture of infrared (IR) and radio frequency (RF) tracking technologies.

3. In late 1996 Versus began negotiating with one of its suppliers, Precision Tracking F.M., Inc. ("PTFM") for an exclusive license to all PTFM technology applicable to IR technology.

4.  In January of 1997, I, on behalf of Versus, and Alan C. ("Rik") Heller, on behalf of PTFM, executed the exclusive license. ("License Agreement") (attached as Exhibit 2 to Radianse's Opening Brief ("Rad. Br.")) (D.I. 79, Ex. 2). The license expressly included "without implied limitation, all: issued or applied for patents. . . ." (D.I. 79, Ex. 2).

5.  The License Agreement gave to Versus, exclusively, all of PTFM's rights with respect to any product, device or method that uses infrared technology, including the exclusive right to assert the '195 and '791 patents against those products, devices and methods.

6.  It was my intent upon execution, and remains my belief today, that the License Agreement conveys, among other things, full and exclusive rights to Versus for the entirety of the licensed patents for a ten year term.

7.  It was my intent upon execution and is my understanding today that section 1(c) of the License Agreement merely allows PTFM the right to continue to make, use and sell PTFM's non-infrared products. (D.I. 79, Ex. 2, p. 2). This provision provided PTFM the right to continue to pursue its radio-frequency ("RF") product lines, but does not limit Versus's exclusive rights to any device or method that uses infrared.

8.  It was not my intent, nor is it my current belief that section 1(c) allows PTFM the right to grant, during the ten year exclusivity period, any type of license to the patents covered by the License Agreement.

9.

REDACTED

2

REDACTED

10. In any event, Versus did not, and would not, enter into an exclusive license for infrared technology products that could be circumvented by the addition of non-infrared technology, such as RF, to those products.

11. REDACTED

12. REDACTED

13. REDACTED

14. REDACTED

15. REDACTED

REDACTED

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed this 11th day of July, 2005.

_____
Gary T. Gaisser