REDACTED -- PUBLIC VERSION, filed 8/12/05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSUS TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-1231 (SLR) |
| | ) | |
| RADIANSE, INC. | ) | **CONFIDENTIAL** |
| | ) | **FILED UNDER SEAL** |
| Defendant. | ) | |

## RADIANSE'S RESPONSE TO VERSUS' MOTION TO STRIKE REPLY BRIEF OR FILE SURREPLY

OF COUNSEL:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
YOUNG CONAWAY STARGATT &
   TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

*Attorneys for Defendant, Radianse, Inc.*

Dated: August 4, 2005

WP3:1133594.1                                                                063582.1001

**REDACTED -- PUBLIC VERSION, filed 8/12/05**

Radianse submits this response to the motion by Versus to strike or, in the alternative, for leave to file a surreply to, Radianse's reply brief in support of Radianse's consolidated motion to dismiss for lack of standing. For the reasons stated herein, Radianse does not oppose Versus' motion for leave to file a surreply.

I.  RADIANSE OPPOSES VERSUS' MOTION TO STRIKE

Versus was the first to raise the subject of the Heller documents and deposition testimony in its opposition brief (Opp. Br. at 8).[1] Having opened the door to this subject, Versus now seeks to bar Radianse from presenting to the Court the testimony by Heller that is directly relevant to Radianse's pending consolidated motion to dismiss. Radianse opposes this transparent attempt to prevent the Court from learning the true facts regarding the limited scope of Versus' license from PTFM, including Versus' failed attempts to gain a broader the scope for its January 31, 1997, license than was ever intended or agreed to by its licensor.

Mr. Heller's deposition testimony was not available to Radianse prior to now. While Versus did produce a copy of the

**REDACTED**

, it was not until Heller produced his additional documents and provided deposition testimony describing his REDACTED that the facts regarding this transaction were revealed. Heller's testimony made clear that, although Versus asserted a claim to Heller's REDACTED under the initial 1997 license agreement, Heller always understood the REDACTED to be beyond the scope of Versus' license. Thus, Heller's deposition testimony has a direct bearing on the issues raised by Radianse's pending motion.

---

[1] Versus's Opposition To Radianse's Consolidated Motion to Dismiss for Lack of Standing, referenced herein as "Opp. Br. at ___".

II.   RADIANSE DOES NOT OPPOSE VERSUS' MOTION TO FILE A SURREPLY

Radianse does not oppose Versus' request to file a surreply in response to Radianse's reply brief.

However, Radianse believes that it is obligated to point out to the Court that the surreply filed by Versus affirmatively misrepresents Heller's deposition testimony by failing to provide the complete answer given by Heller in his testimony and, thus, significantly distorts the facts presented to the Court.

Versus states repeatedly in its surreply that: "

(Surreply at 1);

REDACTED                                                          (Surreply at 2);

(Surreply at 5). In support of its argument, Versus cites twice to a portion of Heller's deposition testimony, quoting Heller as saying:

REDACTED

(Surreply at 2, 4). However, Versus omits to quote the following lines from the transcript which provide the remainder of Heller's answer to the question posed, as follows:

REDACTED

(Heller Dep. Tr., p. 113, lns. 6-8).[2]

---

[2] The relevant portion from the Heller deposition transcript, pp. 112-113, is attached hereto as Exhibit A.

The significance of this omitted testimony is that it makes clear that Heller was <u>not</u>

**REDACTED**

as Versus asserts. (Surreply at 2) Versus would like the Court to believe that it acquired rights to "dual use technology," including Heller's **REDACTED**, under the PTFM License. Heller's full answer, which Versus fails to provide, shows that Heller only conveyed rights to his **REDACTED** later on, not pursuant to the PTFM License, but under a

**REDACTED**

III.  CONCLUSION

For the foregoing reasons, Radianse opposes Versus' motion to strike Radianse's reply brief, but does not oppose Versus' motion for leave to file the surreply that Versus submitted with its motion, subject to Radianse pointing out the omissions from the Heller deposition testimony noted above.

Respectfully submitted,

/s/ [signature]

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Glenn C. Mandalas (#4432)
YOUNG CONAWAY STARGATT &
   TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6672
gmandalas@ycst.com

*Attorneys for Defendant Radianse, Inc.*

OF COUNSEL:

Sibley P. Reppert
William A. Scofield, Jr.
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

August 4, 2005

**REDACTED -- PUBLIC VERSION, filed 8/12/05**

# EXHIBIT A

**REDACTED -- PUBLIC VERSION, filed 8/12/05**

# REDACTED

**REDACTED -- PUBLIC VERSION, filed 8/12/05**

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas, Esquire, hereby certify that on July 7, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>George Pazuniak , Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>PO Box 2207
>Wilmington, DE 19899

I further certify that on July 7, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT
>& TAYLOR, LLP
>
>/s/ Glenn C. Mandalas
>
>Glenn C. Mandalas (No. 4432)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>gmandalas@ycst.com
>
>*Attorneys for Radianse, Inc.*