# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERSUS TECHNOLOGY, INC., )<br>)<br>       Plaintiff, )<br>)<br>  v. )<br>)<br>RADIANSE, INC., )<br>)<br>       Defendant. )<br>) | Civil Action No. 04-1231 (SLR) |

## DECLARATION OF HENRY TENARVITZ

I, Henry Tenarvitz, hereby declare under penalty of perjury that the following facts set forth herein are true and correct, and, if called as a witness, I could and would testify competently as set forth below.

The following statements, based upon my review of the Radianse IPS software and associated documentation, are set forth in order of the paragraphs in the Statements of Fact ("S.F.") section of Radianse's opening brief in support of its motion for summary judgment:

S.F. ¶¶ 1-4 are not addressed in this declaration.

5. With respect to ¶ 5 of Radianse's Statement of Material Facts, there are cost and diminished utility factors that Radianse fails to address regarding regulations and complications associated with RF transmissions that do not exist for IR transmissions.

S.F. ¶¶ 6-17 are not addressed in this declaration.

18. In general, the reception range for IR signals equals the physical boundaries of the room in which the IR receiver is placed. The Radianse IPS system uses IR signals and components to cover a limited detection area, and RF signals and

components to cover an extended detection area, which includes the limited area.

S.F. ¶ 19 is not addressed in this declaration.

20. I disagree with ¶ 20 of Radianse's Statement of Material Facts. A person of ordinary skill in the art would consider the "processor" recited in claim 1 of the '314 patent to be a structure that performs the function of (1) recording electrical signals which are representative of unique identifying codes; (2) recording the receiver which determined that such electrical signals are representative of the unique identifying codes associated with said transmitters; and (3) determining in which of said areas said transmitters are located. Additionally, the CPU recited in the specification of the '314 patent performs the above reference processing functions. *Id.*; *see also* D.I. 1, Ex. A, 2:15-27 (The transmitter...produce[s] a characteristic binary number...for transmission to a fixed sensor...The characteristic binary numbers are sent to the central processing unit through the data processor which formulates the bits *for processing of the information in the CPU*.) (emphasis added).

S.F. ¶¶ 21-24 are not addressed in this declaration.

25. Data packets sent over the network from Radianse receivers vary in length. During a permitted inspection of the Radianse IPS at Radianse's headquarters, the data packets communicated over the network from a Radianse receiver were observed by Versus to vary in length. The data packets were also observed to contain object identifiers.

26. The Radianse IPS employs external device controllers which activate the channel of an external device, such as a pager or mobile telephone, to communicate information resolved by the Radianse IPS.

S.F. ¶¶ 27-34 are not addressed in this declaration.

35. I disagree with the comparison of the Radianse System to the asserted

claims set forth in Exhibit A to Radianse's opening brief on summary judgment. D.I. 118, Ex. A.

S.F. ¶¶ 36-38 are not addressed in this declaration.

39.  U.S. Patent Number 4,611,198 ("Levinson") does not disclose a "data communications controller…for providing a corresponding area detection packet" as claimed in the asserted claims of the '791 patent. Additionally, Levinson does not disclose an object location system that transmits at "selected intervals," as claimed in the asserted claims of '791 patent. Rather, the system disclosed in Levinson requires a separate "user activation" for each and every transmission of a signal from the user's transmitter. D.I. 121, Ex. F, Levinson patent, 1:24-29, 2:7-8, 3:21-22, 4:26-35.

S.F. ¶¶ 40-42 are not addressed in this declaration.

43.  I disagree with ¶ 43 of Radianse's Statement of Material Facts to the extent Radianse suggests that "SNMP" should be read into any limitation of claims 1 or 13 of the '195 patent. SNMP is not a part of or otherwise relevant to any asserted claim of the '195 patent.

S.F. ¶ 44 is not addressed in this declaration.

45.  I disagree with ¶ 45 of Radianse's Statement of Material Facts. The Greenspun patent does not anticipate every element of claims 1 and 13 of the '195 patent. For example, Greenspun does not disclose an object location and tracking system using a variable based protocol that implements object identifier variables.

S.F. ¶ 46 is not addressed in this declaration.

47.  I disagree with ¶ 47 of Radianse's Statement of Material Facts. The Hopper patent does not anticipate every element of claims 1 and 13 of the '195 patent.

For example, Hopper does not disclose an object location and tracking system using a variable based protocol that implements object identifier variables.

S.F. ¶ 48 is not addressed in this declaration.

49. I disagree with ¶ 49 of Radianse's Statement of Material Facts. The Conrad patent does not anticipate every element of claims 1 and 13 of the '195 patent. For example, Conrad does not disclose an object location and tracking system using a variable based protocol that implements object identifier variables. Additionally, as is apparent from the face of the '195 patent, Conrad was considered by the U.S. Patent Office during the prosecution of the '195 patent. In fact, the '195 was allowed after the examiner removed a rejection following the applicant's successful argument that "a variable based protocol that implements object identifier variables" was *not* inherent in Conrad. D.I. 123, Tab H, VER009029 and VER009038.

S.F. ¶ 50 is not addressed in this declaration.

51. I disagree with ¶ 51 of Radianse's Statement of Material Facts. The Chaco patent does not anticipate every element of claims 1 and 13 of the '195 patent. For example, Chaco does not disclose an object location and tracking system using a variable based protocol that implements object identifier variables.

52. I disagree with ¶ 52 of Radianse's Statement of Material Facts. The PTFM draft document cited therein is irrelevant. The document is marked "Preproduction Draft Copy," at the bottom corner of the first page, indicating that this document was never disclosed to the public.

53. I disagree with ¶ 53 of Radianse's Statement of Material Facts. This Ungermann-Bass document only discloses an "Access/Hub" (the "Access/Hub"

document) and provides no suggestion as to whether or how this device could be used with an object location and tracking system.

54. I disagree with ¶ 54 of Radianse's Statement of Material Facts. Even if the "Access/Hub" document inherently discloses the use of a variable based protocol that implements object identifier variables, there is no suggestion or motivation in the "Access/Hub" document to combine such a protocol with the tracking system disclosed in the PTFM draft.

S.F. ¶ 55 is not addressed in this declaration.

56. I disagree with ¶ 56 of Radianse's Statement of Material Facts. The Welch patent does not discloses the use of the standard SNMP networking protocol that implements object identifier variables. Rather, the Welch patent discloses that "[t]he operation of repeater 14 is managed by a repeater CPU (central processing unit) 15 which implements network supervisory functions (NSF) 17, including, for example, simple network management protocol (SNMP) capabilities." D.I. 121, F, Welch, 5:4-8. Welch does not disclose the use of such a protocol by the "links" or "transceivers" (receivers/sensors) as they communicate to their respective "multiport repeaters" (network) in the disclosed system, as is claimed in the '195 patent. In addition, Welch provides no suggestion or motivation to combine the knowledge of infrared tracking systems with the disclosures in the Welch patent.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed this 15th day of December, 2005.

_____
Henry Tenarvitz