**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **VERSUS TECHNOLOGY, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **RADIANSE, INC.,** ) <br> ) <br> **Defendant.** ) | Civil Action No. 04-1231 (SLR) |

**REPLY IN SUPPORT OF VERSUS'S MOTION
TO STRIKE AND PRECLUDE THE AFFIDAVIT AND
UNPRODUCED DOCUMENTS FILED WITH RADIANSE'S REPLY BRIEF**

Plaintiff Versus Technology, Inc. ("Versus") submits this reply is support of its motion (D.I. 128) to strike and prelude the affidavit and unproduced documents (D.I. 127) filed by Defendant Radianse, Inc. ("Radianse") in association with Radianse's reply brief (D.I. 126) in support of Radianse's motion for summary judgment (D.I. 117).

*BACKGROUND*

Fact discovery in this matter closed on August 23, 2005. (D.I. 18). Radianse's expert on validity and infringement and alleged prior inventor, Dr. Nathaniel Sims, attached two non-public documents as Exhibit C ("Report documents") to his expert report (D.I. 121) served on September 30, 2005. The two non-public documents were never produced by Radianse during fact discovery, nor were they produced at any time prior to the submission of Dr. Sims' initial report. Radianse attempted to place Dr. Sims' expert reports and the exhibits thereto into evidence by filing the reports (D.I. 120 & 121) with its motion for summary judgment.

Radianse attempted to add more unproduced documents into evidence by attaching them

as Exhibit A ("Affidavit documents") to the Affidavit of Nathaniel M. Sims ("Sims Affidavit") (D.I. 127), filed on December 30, 2005 with Radianse's reply brief in support of its motion for summary judgment.  Not only were these documents never produced, but Radianse failed to include or even mention these documents with any prior report by Dr. Sims.  In fact, the Sims Affidavit does nothing more than to provide untimely authentication for the previously filed Sims reports and newly identified Affidavit documents.

Radianse attempted to add yet another unproduced and previously unreferenced document to supports its burden on invalidity by handing a document to Versus's counsel at the beginning of Dr. Sims deposition on January 24, 2006 ("Deposition document").[1]  Finally, Dr. Sims signaled during his deposition that he may continue to produce documents as necessary to support his prior invention theories.  (Excerpts from the Deposition of Dr. Sims - Rough Transcript ("Sims Tr."), attached hereto as Exhibit 1, 127:25-128:4).

### *DOCUMENTS NOT DESCRIBED IN INTERROGATORY ANSWERS*

By failing to address these documents in its March 24, 2005 (Exhibit 2 hereto, pp.1-4) and August 9, 2005 (Exhibit 3 hereto, pp.1-6) Answers to Versus Interrogatory No. 1, Radianse's missed its opportunity to identify and explain how any of the unproduced documents support its invalidity contentions.  Radianse failed to even mention the Affidavit and Deposition documents in its October 18, 2005 Answer to Versus Interrogatory No. 8 (Exhibit 4 hereto, p.4).  This failure of notice of the bases for Radianse's invalidity contentions is further grounds for excluding the unproduced documents.  *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 464 (D. Del. 2005).

### *THE LEGAL STANDARD*

On the issue of the untimely proffered evidence in patent infringement actions, the Federal

---

[1] None of the unproduced documents are public documents and none include control or production numbers.

Circuit Court of Appeals has instructed that:

> [w]hen a party fails to obey an order regarding discovery, Federal Rule of Civil Procedure 37 provides district courts with broad discretion to "make such orders in regard to the failure as are just," which includes "prohibiting the party from introducing designated matters in evidence." Fed. R. Civ. Proc. 37(b)(2). While recognizing the severity of a decision to exclude critical evidence for failure to comply with a pretrial order, the Third Circuit will not disturb the trial court's decision "absent a clear abuse of discretion." *Semper v. Santos*, 845 F.2d 1233, 1237 (3d Cir.1988). The Third Circuit typically considers four factors in evaluating whether the district court properly exercised its discretion. *In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir.1999). Those factors are: (1) the prejudice or surprise in fact of the party against whom the excluded evidence would have been submitted; (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the discovery deadline would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order. See id. (*citing Meyers v. Pennypack Woods Home Ownership Assoc.*, 559 F.2d 894, 904-05 (3d Cir.1977)).

*Chimie v. PPG Industries, Inc.*, 402 F.3d 1371, 1381 (Fed. Cir. 2005).

### *PREJUDICE TO VERSUS*

Versus has been prejudiced by Radianse's failure to produce these documents because, *inter alia*: (1) Versus relied on the limited nature of Radianse's invalidity claims in its decision not to hire an expert on patent validity; (2) Versus did not have the opportunity to demand additional documents from the files of Dr. Sims, his alleged co-inventors, or the prosecution files related to Dr. Sims' alleged prior art patent; (3) Versus relied on Radianse's limited invalidity claims when collecting documents made available pursuant to a Radianse subpoena that might have demonstrated an earlier conception date

of the relevant asserted patent.

### *ABILITY TO CURE*

The prejudice to Versus cannot be cured without allowing Versus the opportunity to hire a rebuttal expert to address the prior invention documentation that was never disclosed during fact discovery. Curing prejudice would also require that Versus be given full discovery of the documents relating to Dr. Sims' prior invention theories, which again, were not made known to Versus during fact discovery. Finally, curing prejudice would require reopening discovery on the conception date of the relevant patent in suit. The documents and deposition testimony addressing this conception date were only available through a third-party subpoena by Radianse. The documents and testimony sought by both parties pursuant to the subpoena did not include information regarding the conception date because Radianse gave no notice that it intended to challenge the priority of the invention.

### *DISRUPTION*

In light of the need to reopen fact and expert discovery with less than four months remaining before trial and the deadline for summary judgment and claim construction briefing having past, significant disruption of the current trial schedule would result if Radianse were allowed to submit its new evidence on prior invention.

### *WILLFULNESS*

Radianse's willfulness in withholding the documents at issue is apparent in light of the following facts: (1) Radianse had the burden of proving its contentions regarding the validity of the patents in suit, particularly its theories regarding its alleged prior inventor; (2) Radianse had the ability to produce the Report, Affidavit and Deposition documents

now offered in support of this theory when it designated Dr. Sims as their expert in July of 2005. (Exhibit 5 hereto); (3) Radianse's went so far as to warn Versus that it had as yet undisclosed "incontrovertable [sic] proof that the invention covered by [Dr. Sims'] patent dates back to 1989." (8/25/05 email from S.Reppert to G.Pazuniak, attached hereto Exhibit 6). This warning was issued to Versus by Radianse's counsel on August 25, 2005, two days after the close of fact discovery. While the unproduced documents at issue do not address any of the critical elements necessary to demonstrate prior conception, presumably Radianse was referring to the Report, Affidavit and Deposition documents in its August 25th communication. Thus, the communication confirms that Radianse had access to, but intentionally withheld from production, the documents now attached to Dr. Sims' expert reports and affidavit.

*CONCLUSION*

In light of these facts, Radianse's has not and cannot show good cause for its failure to produce the Report, Affidavit and Deposition documents. In view of the foregoing, Versus respectfully requests that the Court strike the Sims Affidavit and exclude from trial all documents not produced by Radianse during fact discovery.

                                                Respectfully Submitted,

DATED: January 30, 2006               /s/ James M. Lennon
                                                George Pazuniak (DE #478)
                                                James M. Lennon (DE #4570)
                                                **CONNOLLY, BOVE, LODGE & HUTZ, LLP**
                                                1007 North Orange Street
                                                P.O. Box 2207
                                                Wilmington, DE  19899
                                                Telephone:  (302) 658-9141
                                                *Attorneys for Plaintiff, Versus Technology, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 30, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following, who is also *served by email* on this date:

Josy W. Ingersoll (#1088)
jingersoll@ycst.com
YOUNG CONAWAY STARGATT
& TAYLOR  LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
*Counsel for Defendant, Radianse, Inc.*

DATE: January 30, 2006    /s/ James M. Lennon
    James M. Lennon (#4570)
    **CONNOLLY BOVE LODGE & HUTZ, LLP**
    The Nemours Building
    1007 North Orange Street
    P.O. Box 2207
    Wilmington, DE  19899
    (302) 888-6271
443214    *Attorneys for Plaintiff, Versus Technology, Inc.*