# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERSUS TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-1231 (SLR) |
| | ) | |
| RADIANSE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWERS OF DEFENDANT, RADIANSE, INC. TO VERSUS' SECOND SET OF INTERROGATORIES (NOS. 4-9)

The Defendant, Radianse, Inc. ("Radianse"), hereby answers Versus' Second Set of Interrogatories (Nos. 4-9).

Radianse incorporates by reference its General Objections as stated in Defendant's Response to Plaintiff's First Set of Request for Production of Documents and Things.

### INTERROGATORY ANSWERS

### INTERROGATORY NO. 4

Identify by name each site at which a Radianse IPS system is or has been sold or installed and identify (1) the name of any Radianse partner or reseller involved with each sale or installation; (2) for each hardware and software component, the total number of Radianse components installed or sold to each customer or installation site (including upgrades and expansions); and (3) the total revenue received by Radianse for each sale or installation.

### ANSWER NO. 4

Radianse's answers to Interrogatory Nos. 4(1) and 4(2) are set forth in the table attached hereto as Exhibit A.

For answer to Interrogatory No. 4(3), Radianse refers Versus to the invoices it has already produced in this action, which consist of the only records it has as to the "total revenue received by Radianse for each sale or installation." In addition, Radianse provides in Exhibit B hereto all new invoices since its previous production.

## INTERROGATORY NO. 5

Identify separately for each hardware and software component of the Radianse IPS system (1) Radianse's annual gross and net sales to date; (2) Radianse's annual contribution margin and gross profitability to date; (3) the price (net and list) at which defendant sold the components, including any discounts included with the sale; (4) the fixed and variable costs of all Radianse IPS products and components sold or installed by or on behalf of Radianse, including the purchase price (and selling price, if applicable) of components purchased by defendant which are incorporated into the products and components.

## ANSWER NO. 5

Radianse did not track sales by component until March of 2005, and after that date, it tracked net sales rather than gross sales. The table attached hereto as Exhibit C provides net sales by component by customer as of March, 2005.

Radianse does not track contribution margin, nor does it track gross margin by component. It tracks gross profitability only, and only in total, not by component. Radianse's financials show materials (components) costs. There is a line item on the P&L designated as such. The P&L also shows production labor. Radianse does not track fix versus variable costs. Radianse has already produced all applicable financial statements.

**INTERROGATORY NO. 6**

Separately for each product identified in response to Interrogatory No. 1, identify, by trade name and/or internal designation, each system release and software application or program sold and/or distributed with the product or recommended for use with or as an upgrade for the product.

**ANSWER NO. 6**

TAG – versions lpk09, lpk11, lpk12;

Receiver – versions 19, 23, 24, 30;

Server – versions Release 1.0 (a/k/a A.08.03) and Release 1.1.

**INTERROGATORY NO. 7**

Identify all documents that support Radianse's defense of non-infringement in the pending litigation.

**ANSWER NO. 7**

Radianse objects to Interrogatory No. 7 on the grounds that it is overly broad and unduly burdensome. Without limitation, Radianse refers Versus to the following documents produced in this action:

(1) Radianse software;

(2) Radianse product specifications and releases, including Appendices A and B to the Affidavit of Paul Tessier;

(3) The patents-in-suit.

Radianse reserves the right to supplement this answer.

## INTERROGATORY NO. 8

Identify all documents that support Radianse's defense of invalidity in the pending litigation.

## ANSWER NO. 8

Radianse objects to Interrogatory No. 8 on the grounds that it is overly broad and unduly burdensome. Radianse refers Versus to the expert report of Nathaniel M. Sims and supporting documents contained therein.

Radianse reserves the right to supplement their answer.

## INTERROGATORY NO. 9

Identify all current or potential customers, partners, resellers and investors with whom Radianse has communicated any comparison of a Radianse IPS product to a product offered by Versus, including whether such comparison included any reference to product pricing.

## ANSWER NO. 9

Radianse attaches as Exhibit D hereto a list of investors to whom it presented a business plan that includes a comparison table describing Versus and Versus' pricing.

To its knowledge, Versus has communicated a comparison of Radianse's and Versus' products to only two customers, Texas Children's Hospital and New York Health and Hospitals.

Signed under the pains and penalties of perjury this 18th day of October, 2005.

                                RADIANSE, INC.

By _____
     Michael Dempsey, Chief Technical Officer

As to Objections:

_____
Sibley P. Reppert
LAHIVE & COCKFIELD
28 State Street
Boston, MA 02109-1784
(617) 227-7400

- 5 -

## CERTIFICATE OF SERVICE

I, Sibley P. Reppert, hereby certify that I caused the foregoing to be served by Federal Express, on counsel of record this 18th day of October, 2005.

_____
Sibley P. Reppert