IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **VERSUS TECHNOLOGY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 04-1231 (SLR) |
| v. ) | |
| ) | |
| **RADIANSE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**REPLY IN SUPPORT OF VERSUS'S MOTION
FOR LEAVE TO JOIN A NECESSARY PARTY**

Plaintiff Versus Technology, Inc. ("Versus") submits this reply is support of its motion (D.I. 129) to join a necessary party ("the Motion to Join"). Versus is asserting four patents in this action against defendant Radianse, Inc. ("Radianse"). Versus owns two of the four patents and is the exclusive licensee of the other two patents. The exclusive license period is less than the full term of the licensed patents. In light of new Federal Circuit precedent cited in the Motion, Versus believes that the law now requires that its exclusive licensor, FreshLoc, Inc. ("FreshLoc"), be joined as a party.

As explained in the Motion, no party will be prejudiced – and no delay caused – by the joinder of Freshloc. FreshLoc's president and CEO, Alan C. Heller, is also the primary named inventor of the licensed patents. Mr. Heller has produced documents and been deposed in this litigation pursuant to a subpoena by Radianse. Mr. Heller has agreed to accept service on behalf of FreshLoc. FreshLoc will be named as a plaintiff in the amended complaint. Radianse does not identify any prejudice it will face by the addition of FreshLoc as a party, particularly in light of the documents and testimony it has already

obtained from Mr. Heller and FreshLoc.

## **LEGAL STANDARD**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend the pleadings "shall be freely given when justice so requires." *Id*. The U.S. Supreme Court explained in *Foman v. Davis*, 371 U.S. 178, 182 (1962) that the decision to grant or deny leave to amend a complaint is left to the discretion of the district court. *Id*. However, the "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id*.

In patent cases, the Federal Circuit defers to the laws of the regional circuits when addressing procedurals issues such as amendment of the pleadings. *Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004). The Third Circuit has the following position with respect o Fed.R.Civ.P. 15(a):

> Although refusals to grant leave to amend are reviewed for abuse of discretion…it is an abuse of discretion to deny leave to amend unless "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect.

*Alvin v. Suzuki*, 227 F.3d 107, 121 (3rd Cir. 2000).

## **TIMING OF AMENDMENT**

Versus seeks to amend the complaint solely for the purpose of adding FreshLoc as a party. No other amendments are proposed. The reason for this amendment is a recent change in decisional law regarding the standing of an exclusive patent licensee to sue for infringement where the exclusive period is for less than the full term of the patent. Versus is amending the complaint to add FreshLoc because Versus is an exclusive licensee of

FreshLoc's patents, where the exclusive period will expire before the full term of the patents.

Versus's election to amend the complaint at this time is not undue because, prior to the Federal Circuit decision of *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, --- F.3d ----, 2006 WL 44185 (Fed. Cir. Jan. 10, 2006) (D.I. 129, Ex. 1), there was no legal requirement for the joinder of FreshLoc. This critical issue of patent law had not been addressed by the Federal Circuit until the *Apsex* case.

According to the Third Circuit, "new decisional law that intervenes between the start and conclusion of an action is a sufficient reason to permit an amendment to a complaint…." *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3rd Cir. 1988).

**NO PREJUDICE**

As explained above, there will be no cause for prejudice or delay if FreshLoc is added as a plaintiff. Both parties had an opportunity to take full discovery from FreshLoc and Mr. Heller. Mr. Heller indicated his intention to accept service of the amended complaint and summons on behalf of FreshLoc. Mr. Heller has not expressed any desire for FreshLoc to participate in the proceedings other than by name only.

Radianse asserts that it took discovery from FreshLoc, including a deposition of Mr. Heller, "on limited subject matters," and that it "did not have the opportunity to conduct, full-fledged discovery with regard to FreshLoc." (D.I. 133, p. 6). However, Radianse fails to explain what additional information it would have sought from Mr. Heller or FreshLoc had FreshLoc been designated a party at the time. As is apparent from the deposition transcripts attached to Radianse's various briefs (e.g., D.I. 94, Ex. A and D.I. 110, Ex. H), Radianse's counsel asked Mr. Heller detailed questions on the license, as

well as his understanding of the patents issued in his name. Numerous documents were also made available by FreshLoc and Mr. Heller pursuant to a comprehensive subpoena Radianse had issued to Mr. Heller on June 23, 2005. (D.I. 77, Exhibits 1 and 2). Neither FreshLoc nor Mr. Heller objected to the discovery of any subject matter and there was no information which Radianse was not given the opportunity to discover.

## NO REMAINING JURISDICTIONAL ISSUES

No jurisdictional defect has been identified that will not be cured by the joinder of FreshLoc. In fact, allowing Versus to amend its complaint to join FreshLoc will render moot Radianse's motion to dismiss based upon lack of standing. (D.I. 78).

## CONCLUSION

In view of the foregoing, Versus respectfully requests that the Court grant Versus leave to file an amended complaint joining FreshLoc as a party.

Respectfully Submitted,

DATED: February 2, 2006

/s/ James M. Lennon
George Pazuniak (DE #478)
James M. Lennon (DE #4570)
**CONNOLLY, BOVE, LODGE & HUTZ, LLP**
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
*Attorneys for Plaintiff, Versus Technology, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 2, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following, who is also *served by email* on this date:

Josy W. Ingersoll (#1088)
jingersoll@ycst.com
YOUNG CONAWAY STARGATT
& TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
*Counsel for Defendant, Radianse, Inc.*


DATE: February 2, 2006   /s/ James M. Lennon
             James M. Lennon (#4570)
             **CONNOLLY BOVE LODGE & HUTZ, LLP**
             The Nemours Building
             1007 North Orange Street
             P.O. Box 2207
             Wilmington, DE 19899
             (302) 888-6271
443214            *Attorneys for Plaintiff, Versus Technology, Inc.*